# Morningstar *v.* The State.

### *Indictment for Larceny.*

1. *Name of third person ; what certainty requisite in indictment.* — Wherever an essential averment of the indictment is the name, or rather the identity, of a third person, the indictment must be as certain to such person as to the person charged. Under section 4113 of the Revised Code, where the defendant's name " is to the grand jury unknown," it may be so averred without further description, and the policy of this enactment should be extended generally to offences against the person and property of a third person.

2. *Indictment for larceny ; what insufficient.* — An indictment which describes the owner of the stolen property by her surname only, without any averment that her christian name was unknown to the grand jury, is bad on demurrer.

3. *Case distinguished.* — The case of *Thompson* v. *The State* (48 Ala. 165) distinguished from this, and reaffirmed.

4. *Ownership ; what sufficient proof of.* — The ownership of timber cut on lands is properly laid in one who was in possession asserting title ; and these facts, in the absence of evidence to the contrary, are sufficient proof of such averment, without the introduction of the title deeds.

APPEAL from Circuit Court of Escambia.

Tried before Hon. JOHN K. HENRY.

The indictment in this case charged that Henry Morningstar " feloniously took and carried away a large stick of square hewn timber, of the value of fifty dollars, the personal property of Mrs. George," against the peace, &c. The defendant interposed a demurrer on the following grounds : 1. " The indictment does not set forth any offence with sufficient certainty. 2. It does not set forth the christian name of Mrs. George, or aver that it is unknown to the grand jury." The court having overruled the demurrer, defendant went to trial on plea of not guilty. The evidence tended to show " that defendant, in the county and within twelve months before the finding of the indictment, had cut down, hewn, and carried away from a tract of land, claimed by prosecutrix, a large and valuable pine tree, and converted it to his own use." The evidence tended to show that at the time the tree was cut, Mrs. Nancy George, the prosecutrix, was in possession of the land

[Morningstar v. State.]

through her agent, one Jernigan. Jernigan said he had once owned the land. There was also proof that the husband of Mrs. George, while building a house on the lands some time before the tree was cut, said it belonged to her. No written evidence of title to the lands was introduced, and no other evidence of title was given than above shown.

The court gave a general charge, only one paragraph of which was excepted to. The portion of the charge thus excepted to was as follows: "If the jury believe from the evidence, beyond a reasonable doubt, that Mrs. George was in the lawful and peaceable possession of the land upon which the timber grew at the time it was cut, and it was afterwards carried away, then this would be sufficient evidence of Mrs. George's title to support the indictment so far as the question of ownership is material."

The overruling of the demurrer, and the giving of the charge excepted to, are now assigned for error.

HERBERT & MURPHY, for appellant.

JNO. W. A. SANFORD, Attorney General, contra.

BRICKELL, C. J. — An indictment must of necessity be certain as to the person charged. The averment of his true name, or that by which he is usually known and called, sufficiently identifies the person, and is the mark of identifying and distinguishing him from all others. If the person charged is not correctly named, he can take advantage of the error only by a plea in abatement, denying the name imputed, and averring his true name. If he does not plead in abatement, he must plead in the name by which he is charged, and he thereby of record admits it as his name, and estops himself from disputing it in that particular cause. When an essential averment of the indictment is the name of a third person, or rather the identity of a third person, the indictment must be as certain as to such person as to the person charged. When an injury to the person or property of another is the offence charged, a material averment of the indictment is the identity of such person. If the name of such person is stated, a variance between the allegation and proof as to such name is fatal. If the name is defectively or insufficiently averred, it is a cause of demurrer, motion to quash, or in arrest of judgment, and is fatal on error. Wharton on Crim. Law, § 1820; 1 Bish. Cr. Pr. § 119. In indictments for larceny, the ownership of the property must be averred, and both christian and surname must be stated, or the omission excused by an averment that the owner is unknown. 2 Bish. Cr. Pr. § 680.

[Smith v. State.]

There are authorities at common law, that when the name of the person charged is to the grand jurors unknown, a mere averment that it is unknown is not sufficient. It must be accompanied with some other mark of identification, as in one case that he "*was personally brought before the jurors by the keeper of the prison.*" 1 Bish. Cr. Pr. § 119; Wharton Cr. Law, § 242. The Code now declares an indictment must be certain as to the person charged; but when his name is unknown to the grand jury, it may be so alleged without further identification (R. C. § 4113); thus rendering sufficient the mere averment that the name of the person charged is unknown to the grand jurors. The policy of this statute, it was held in *Bryant* v. *State* (36 Ala. 270), should be extended to kindred questions, and was extended to an indictment for murder averring the christian name of the person slain was unknown. We do not doubt that it should be applied generally to offences against the person or property of a third person.

The indictment avers the property stolen was "the property of Mrs. George," omitting her christian name. The defendant demurred, and the court erred in overruling the demurrer. The christian name was as essential as the surname to the identity and certainty of the person.

We must not be understood as departing from, or doubting the correctness of the decision in *Thompson* v. *State*, 48 Ala. 165. The loose practice of designating the christian name of parties, or other persons necessary to be described in judicial proceedings, by initials only, has unfortunately prevailed too long to be discountenanced by judicial decision. Courts would not now tolerate it, if it was being introduced. It cannot authorize the entire omission of the christian name.

There was no error in the charge given by the court. Possession of the thing stolen, at the time of the larceny, is in general sufficient evidence of ownership.

The judgment is reversed, and the cause remanded, but the appellant must remain in custody until discharged by due course of law.