## Feagin *v.* City of Andalusia.

### *Violating Municipal Ordinance.*

(Decided February 2, 1915. 67 South, 630.)

1. *Municipal Corporations; Ordinances; Violation; Punishment.*— Under section 1217, Code 1907, the circuit or city court, upon the conviction of a defendant, on appeal from the recorder's court, for the violation of a municipal ordinance, may impose a sentence of hard labor, as authorized by the statute, without previously fixing a fine; the fixing of a fine not being a prerequisite to a valid judgment imposing hard labor.

2. *Same; Validity; Mayor's Vote.*—It is not necessary to the validity of an ordinance that the mayor of a city should vote for it.

3. *Same; Violation; Evidence.*—Where the affidavit charging a violation of the ordinance was dated April 21st, 1913, and on that date a trial and conviction was had in recorder's court, the testimony on the trial de novo, which was held in 1914, that the offense was committed "during last year" sufficiently showed the commission of the offense before the filing of the affidavit.

4. *Same; Sale of Alcohol.*—An ordinance prohibiting the sale of certain intoxicating liquors, including alcohol, is violated by a sale of alcohol as a beverage, however diluted or disguised.

5. *Evidence; Opinion.*—A witness may state that he smelled and tasted the liquor, and that it was alcohol.

APPEAL from Andalusia City Court.

Heard before Hon. ED. T. ALBRITTON.

Tim Feagin was convicted in the City Court of Andalusia of violating an ordinance of said city, prohibiting the sale of intoxicating liquors, he having brought the case there by appeal from the recorder's court, and he appeals here. Affirmed.

A. L. RANKIN, for appellant. The court erred in imposing a sentence of hard labor in conformity to the verdict of a jury, without having assessed a fine, since the ordinance which was violated fixes a fine, to which may be added hard labor. Section 1217, Code 1907. It is not shown that the mayor voted upon the ordinance at its passage as is required by § 1252, Code 1907. The court erred in admitting evidence that the witness tasted and smelled the liquor and that it was alcohol.

No counsel marked for appellee.

PELHAM, P. J.—The defendant was subject to the punishment authorized by law or as provided by ordinance, upon his conviction on appeal from the recorder's court in a trial de novo in the law and equity court.— Code, § 1217. Punishment by fine or imprisonment, or hard labor on the streets of the city, is authorized to be imposed upon conviction on the trial de novo by the section of the Code cited (*Cooper v. Gadsden,* 10 Ala. App. 609, 65 South. 715; *Clark v. Uniontown,* 4 Ala. App. 264, 58 South. 725), and there is no merit in the contention that fixing a fine on the defendant was a necessary prerequisite to a valid judgment imposing a sentence of hard labor in conformity with the verdict of the jury.

The ordinance was properly allowed in evidence. It is not necessary to the validity of the ordinance that the mayor should vote on it.—*Clark v. City of Uniontown,* 4 Ala. App. 264, 58 South. 725.

There was no error in permitting the state's witness to testify that he smelled and tasted the beverage and that is was alcohol. It is a matter commonly known as a physical fact that by the use of the senses of smell and taste one can acquire the knowledge that the limpid, mobile, colorless liquid with a hot and pungent taste

and a slight, though distinctive, spirituous scent, is the liquid known as alcohol. Chemical analysis, or a knowledge of the science of chemistry, is not necessary to enable one to distinguish alcohol by the senses of smell and taste.

The contention of the defendant's counsel that it is not shown that the sale of the prohibited beverage took place within 12 months before the affidavit charging the defendant with having committed the offense is not well founded. The affidavit bears date of April 21, 1913, on which date there was a trial and conviction in the recorder's court, and, on the trial de novo had in the year 1914, the state's witness testified that the sale took place "during last year" (the year of 1913).

The defendant was charged with the violation of an ordinance of the city of Andalusia prohibiting the sale, giving away, etc., of certain named intoxicating liquors, including alcohol. A state's witness testified to a sale by the defendant of a liquor that he knew to be alcohol from its smell and taste. The ordinance provided that alcohol should be included and embraced under the terms of the ordinance as one of the intoxicating liquors prohibited. It is therefore "immaterial, in a satutory sense, what effect alcohol may have on the human system; it is an intoxicating liquor. However much it may be diluted, it must remain an intoxicant when and however it may be diluted or disguised, it so remains, simply because the statute [ordinance] so declares."—1 Woollen & Thornton on Intoxicating Liquors, § 4.

The evidence was without conflict and there were no circumstances affording an inference upon which the jury could have arrived at any other conclusion than that of the guilt of the defendant of the offense charged, and the court was not in error in giving the general charge, with hypothesis, for the city.

Affirmed.