(75 South. 648)

BELL v. STATE. (6 Div. 192.)

(Court of Appeals of Alabama. May 29, 1917.)

1. FRAUD ☜68—CRIMES — TAKING OR DESTRUCTION OF CONVEYANCES—STATUTE.

Code 1907, § 6931, denouncing as a crime the taking or destruction of wills, deeds, or conveyances of realty or personalty, with the intent to injure or defraud, and the receiving, concealing, or aiding in concealing such conveyances, knowing them to have been taken with the intent to injure or defraud, punishes the fraudulent suppression of evidence of the right or title to property in some person other than accused, and does not comprehend the act of accepting as grantee from a grantor a deed of conveyance, intentionally delivered to pass title to the grantee, though the grantee entertained the intent to injure or defraud.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 76.]

2. INDICTMENT AND INFORMATION ☜71—UNCERTAINTY—"DID TAKE."

The averment of the indictment that defendant "did take" a deed is comprehensive enough to cover an act not denounced as a crime by the statute, and the indictment is fatally defective, and insufficient to support judgment of conviction.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 144, 174, 193, 194.]

Appeal from Criminal Court, Jefferson County; A. H. Alston, Judge.

Stephen Bell was convicted of an offense, and he appeals. Reversed and remanded.

John W. Altman, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] Section 6931, Code 1907, denounces as crime the taking or destruction of wills, deeds, or conveyances of real or personal property, with the intent to injure or defraud, and the receiving, concealing, or aiding in concealing such conveyances, knowing the same to have been taken with the intent to injure or defraud. The manifest purpose and scope of this statute is to punish the fraudulent suppression of evidence of the right or title to property in some person other than the person accused. It certainly does not comprehend the act of accepting as grantee from a grantor a deed of conveyance, the delivery of which was intentional and for the purpose of passing the title of the property to the grantee, though at the time the grantee may have entertained the intent to injure or defraud. The terms, "Any person who, with intent to injure or defraud, takes or destroys any will, deed, or conveyance of real or personal property," when strictly construed, exclude the idea that a voluntary and intentional delivery of a deed by the maker to the grantee is within the statute. The taking, to be within the statute, must be a larcenous taking.

[2] The deed alleged to have been taken by the defendant is set out in hæc verba in the indictment, and purports to have been executed by Alice P. Waldron and her husband, B. C. Waldron, to the defendant Stephen Bell; and the averments of the indictment that the defendant "did take" said deed are comprehensive enough to cover an act not denounced as a crime by the statute, injecting into the indictment such uncertainty as to render it fatally defective and wholly insufficient to support the judgment. Mehaffey v. State, ante, p. 99, 75 South. 647;

State v. Nix, 165 Ala. 126, 51 South. 754; Raisler v. State, 55 Ala. 64; Emmonds v. State, 87 Ala. 12, 6 South. 54; Noah v. State, 15 Ala. App. 142, 72 South. 611.

While there is no bill of exceptions in the case, it appears from the statement of facts set out in the oral charge of the court, incorporated in the record, that the defendant was convicted for the act of accepting a deed as grantee from the Waldrons, who delivered it to him for the purpose of investing the defendant with the title to the land described therein, thus enabling him to mortgage the land and secure a loan to pay the purchase money; that the fraud relied on was the failure of the defendant to comply with his contract to pay the money over to the Waldrons after he obtained it on the security afforded by the mortgage. This was not an act within the statute.

The judgment of the criminal court is reversed, and the cause is remanded.

Reversed and remanded.