(132 So. 70)

## BOOKER v. STATE.

### 5 Div. 817.

Court of Appeals of Alabama.

Jan. 20, 1931.

J. Sanford Mullins and Richard H. Cocke, both of Alexander City, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The offense charged by indictment against this appellant, and for which he was tried and convicted, was bigamy. The indictment, in proper form and substance, charged that he, having a wife then living, unlawfully married one Annie Bell Haggans, etc.

Necessary to a conviction under this indictment the state was under the burden, as in all criminal cases, to establish the corpus delicti by competent and sufficient proof. The corpus delicti in a charge of this character consists (1) that there was a subsisting, valid prior marriage entered into by the accused, and (2) that a second marriage had been contracted by him while the lawful wife of the former marriage was living. In other words, under the indictment here the burden was upon the state to offer sufficient evidence to show beyond a reasonable doubt that this appellant married the said Annie Bell Haggans in Coosa county, Ala., within the time covered by the indictment, and that, at the time of such marriage between appellant and the said Annie Bell Haggans, this appellant had a wife then living. These are the essential ingredients of the offense charged against this appellant upon the trial of this case in the court below.

On the trial in the court below numerous exceptions were reserved to the court's rulings upon the admission and rejection of the evidence; and, at the conclusion of the state's case, the defendant also rested; offered no testimony, and requested the court in writing to give the affirmative charge in his behalf upon the theory that the state had failed to make out its case. This charge was refused by the court, and the court's ruling in this connection is the principal insistence of error

here, although appellant does insist that the court erred to a reversal in many instances in the rulings upon the admission of evidence.

As stated herein above, the state was, among other things, under the burden to prove the essential ingredient laid in the indictment that the accused unlawfully married the said Annie Bell Haggans. We find upon examination that no such evidence was adduced upon this trial in the court below, and this is necessarily conclusive of this appeal. The name of Annie Bell Haggans was nowhere mentioned pending the entire trial. The first witness introduced by the state was a woman by the name of Higgins who testified that on a certain occasion she had married this appellant, but this evidence could in no wise be construed to sustain the material averment in the indictment herein above quoted. The court below, and this court, are without authority to assume and hold that the name "Haggans" and "Higgins" are idem sonans, or that the said witness and the woman named in the indictment were one and the same person. This question involves a substantive right of defense; therefore the defendant was under no duty when requesting the affirmative charge to bring this failure of proof of this material and essential averment to the attention of the court before the conclusion of the argument of counsel.

The allegation in an indictment and the proof to sustain it must correspond. Stone v. State, 115 Ala. 121, 22 So. 275.

A material averment in this indictment, as stated, was the identity of the woman with whom the accused was alleged to have contracted the second marriage. If the name of such person is stated, and this is always essential, a variance between the allegation and proof as to such name is fatal. Morningstar v. State, 52 Ala. 405; Nugent v. State, 19 Ala. 940; McCaig v. State, 16 Ala. App. 581, 80 So. 155; Shoults v. State, 19 Ala. App. 19, 94 So. 776, 777.

There was patent variance between the allegation in the indictment and the proof as to the woman with whom this appellant was charged with contracting the alleged second marriage. This manifest variance was fatal to the prosecution and entitled the defendant to the affirmative charge. The refusal of said charge under this status was error. Other questions presented need not be discussed.

Reversed and remanded.