180 So. 113

### MASTORAS v. STATE.

### 7 Div. 343.

Court of Appeals of Alabama.
Feb. 22, 1938.

Rehearing Denied March 8, 1938.

Motley & Motley, of Gadsden, for appel-
lant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The indictment charges: "The Grand Jury of said County charges that before the finding of this indictment George Mastoras, whose name is unknown to the Grand Jury otherwise than as stated, did possess, keep, own, set up, operate, or conduct, or did permit to be set up, operated, or conducted, a gambling device contrary to law."

The appeal is taken without bill of exceptions, and the only question presented is the action of the court in overruling defendant's demurrer to the first count of the indictment. The second count of the indictment was eliminated by verdict of the jury.

The first objection as raised by demurrer is that the word "permit," as used in the indictment, has the effect of charging that the defendant innocently consented to the acts charged without taking any steps to prevent such acts. We do not accord to this view. The word "permit," as used in the statute, has a more strict meaning, and, in this connection, is used as synonymous with "to grant," "to license," "to authorize," "to give leave," which carries with it an active participation in connection with the gambling device described.

A more serious question is raised by that line of demurrer which raises the question that the indictment on its face includes acts of the defendant not prohibited by the law under which the indictment is drawn.

Section 3 of the Act of the Legislature, approved July 25, 1931, Acts 1931, p. 806, provides: "That it shall be unlawful for any person, firm, corporation or association of persons, within this State, to possess, keep, own, set up, operate, or conduct, or permit to be set up, operated, or conducted, any gambling device prescribed in Section 1 of this Act, at any place whatsoever." Acts 1931, p. 807.

The gambling devices, thereby prohibited, are those named and designated in section 1 of the act above noted, to wit: "(a) Any machine, mechanical device, contrivance, appliance or invention, whatever its name or character, in the use of which a consideration is paid or deposited, and there is gambling or the hazarding of small amounts of money or property to win larger amounts of money or property. (b) Any machine, mechanical device, contrivance, appliance or invention, whatever its name or character, which determines the result of winning or losing money or property by chance, lot or luck, in which neither the will nor skill of man can operate to influence the result of winning or losing. (c) Any machine, mechanical device, contrivance, appliance or invention, whatever its name or character, for the division of or distribution of either money or articles of personal property, where said distribution or division is to be determined by lot or chance amongst those who take shares or are interested in the scheme. (d) Any machine, mechanical device, contrivance, appliance or invention, whatever its name or character, which is operated or can be operated as a game of chance. (e) Any machine, mechanical device, contrivance, appliance or invention, whatever its name or character, where money or property is hazarded on chance, or risked on an uncertain event. (f) Any machine, mechanical device, contrivance, appliance or invention, whatever its name or character, into which money is placed or deposited upon chance or upon the result of the action of such machine, mechanical device, contrivance, appliance or invention. (g) Any machine, mechanical device, contrivance, appliance or invention, whatever its name or character, which dispenses to the player or operator of the same any package of merchandise and also gives the player or operator the chance of placing himself in a position where his next succeeding play will assure him of a return of several times the value of the coin placed therein by him. (h) Any machine, mechanical device, contrivance, appliance or invention, whatever its name or character, intended for the purpose of winning money or any other thing by chance or hazard. (i) Any machine, mechanical device, contrivance, appliance or invention used or intended to be used as a substitute for, or in place of, any machine, mechanical device, contrivance, appliance or invention described and enumerated in paragraphs (a), (b), (c), (d), (e), (f), (g), and (h) of this Act."

■ Section 1, defining the term "gambling device" as contemplated by the act, is inclusive only of the devices named therein. It is a matter of common knowledge that there are other gambling devices not included in the definitions set out, such as a deck of cards, dice, faro table, roulette, etc., all of which are recognized as gambling devices and against which there are prohibitory laws affecting their use, but none of these are included in the definition, or definitions, set out in the act under consideration, for a violation of which this defendant is being prosecuted.

It may be observed that the statute under consideration is not designed to prohibit or to suppress gambling generally, but it is designed "to suppress the evils of gambling devices," and these devices to be suppressed are described with much particularity in section 1 of the act.

■ The statute provides no form for an indictment under this section, and in such cases it is the rule that the indictment must follow the language or substantially the language of the statute that defines the offense, and the indictment to support a judgment of conviction must aver every fact necessary to an affirmation of guilt, and the statement of bald conclusions will not suffice. Holt v. State, 16 Ala.App. 399, 78 So. 315.

■ Wherever the averments of the indictment are such as to be comprehensive enough to cover an act not denounced as a crime by the statute, injecting into the indictment such uncertainty as to render it defective, and insufficient to support the judgment, a demurrer raising this question should be sustained. Bell v. State, 16 Ala. App. 100, 75 So. 648.

■■ It is permissible under the statutes of this state when offenses are of the same character and subject to the same punishment for a defendant to be charged with the commission of either in the same count in the alternative, and also when the offense may be committed by different means or with different intents, such means or intents may be alleged in the same count in the alternative, as is provided in sections 4544 and 4546 of the Code of 1923. When so charged, however, each alternative averment must state a complete offense under the law. Griffin v. State, 22 Ala.App. 369, 115 So. 769; Mays v. State, 89 Ala. 37, 8 So. 28; Hornsby v. State, 94 Ala. 55, 10 So. 522.

Under the indictment as drawn in this case, the defendant might have been convicted of an act not prohibited by the statute under which the indictment is drawn of which he was not informed.

■ It is declared to be a general rule as laid down in 31 C.J. p. 703 (257)c, and supported by unanimous authority, that an indictment for an offense created by statute must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself; and in order that it shall so appear, the pleader must either charge the offense in the language of the act, or specifically set forth the facts constituting same. The general rule is that the charge must be so laid in the indictment or information as to bring the case precisely within the description of the offense as given in the statute, alleging distinctly all the essential requisites that constitute it. And nothing is to be left to implication or intendment, or to conclusion. And an indictment charging the offense in the alternative which includes one alternative not denounced by statute does not meet this requirement.

■ It follows that an indictment under the statute which does not confine the prosecution, or the charge, to definitions as set out in section 1 is faulty and subject to demurrer.

The demurrer should have been sustained, and, for the error in failing to do so, the judgment is reversed and the cause is remanded.

Reversed and remanded.