194 So. 414

**NOOJIN v. STATE.**

**7 Div. 486.**

Court of Appeals of Alabama.

Feb. 27, 1940.

Wm. Stell, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

J. A. Johnson and C. A. Wolfes, both of Fort Payne, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

.SIMPSON, Judge.

The appellant was convicted of burglary under an indictment as follows: "The Grand Jury of said County charges that before the finding of this indictment and since June 6th, 1935, David Noojin, whose name to the Grand Jury is otherwise unknown than as stated, with intent to steal or commit a felony, broke into and entered a school house, or other building structure or inclosure, of the State of Alabama, in which goods, merchandise, or other valuable things were kept for use, sale, or deposit, contrary to law and against the peace and dignity of the State of Alabama."

By appropriate demurrer, properly presented at the trial, the defendant challenged the legal sufficiency of the indictment, in that it failed, in the alternative averment, to allege that the "structure" or "inclosure" was specially constructed or made to keep goods, wares or merchandise or other valuable things. The court overruled the demurrer.

No proof was made by the State, or in fact attempted, so far as the record discloses, of the ownership of the burglarized property and the appellant, by counsel, argues that the court erred in refusing to him the general affirmative charge.

Two questions are therefore presented by this appeal: (a) Was the indictment subject to the demurrer interposed? (b) Was the defendant entitled to the general affirmative charge by reason of the failure of proof as to the ownership of the property alleged to have been burglarized? Both questions, in our opinion, should be resolved in favor of the appellant.

(a) It has long been the settled law of this State that alternative averments in an indictment must each charge an indictable offense, and if one or more fail to charge such offense, the indictment is subject to demurrer. In fact this court has previously held that an indictment similar to the one here involved is subject to appropriate demurrer in failing to allege that the structure or inclosure was specially constructed or made for keeping of goods, wares or merchandise or valuable things. Adams v. State, 13 Ala.App. 330, 69 So. 357. It was the defendant's right to be tried upon a legally sufficient indictment and when thus denied it is such error as to necessitate reversal of the case.

(b) Under the evidence, as disclosed by the record, the general affirmative charge, requested by the defendant, should have been given. Not only should an indictment for burglary lay, with precision, the ownership of the burglarized property, but the proof must conform to the averment. Beall v. State, 53 Ala. 460. The record of the evidence is utterly silent as to the ownership of the property burglarized, except that it was a school house at Ruhamer. It may be, as argued in the able brief of appellee, that if it were a public school house of the County, the court could take judicial cognizance of

the fact that the property was that of the State of Alabama. Ala.School Code 1927, Section 95. Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 85 So. 774. Nevertheless, in this case, in the absence of such evidence, the court could not indulge such a presumption, since there are many school houses in Alabama which are not owned by the County or State but are privately owned.

For the errors pointed out, the case is reversed.

Reversed and remanded.