10 So.2d 374

GRIFFIN v. STATE.

7 Div. 694.

Court of Appeals of Alabama.

Nov. 3, 1942.

Earle Montgomery, of Talladega, for appellant.

Wm. N. McQueen, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the July 1941, term of the circuit court of Talladega, the grand jury found and returned into open court an indictment against the defendant as follows:

"The Grand Jury of said County charge that before the finding of this indictment, Charlie Griffin who was the driver of an automobile upon a public highway in Talladega County, Alabama, which said automobile was involved in an accident resulting in injury to a person, to-wit, June Gauldin, or damage to property, did not give his name and address, and the registration license number of his automobile, and did not render to said injured person in said accident reasonable assistance, including the carrying of such person injured to a physician or surgeon for medical or surgical treatment, it being apparent that such treatment was necessary or was requested by such injured person or did not immediately stop such automobile at the scene of such accident, against the peace and dignity of the State of Alabama."

Upon arraignment, and before pleading to the merits of the indictment, appellant in answer thereto interposed demurrer upon the following grounds:

"Comes the defendant and demurs to the Indictment and each count thereof separately and upon the following separate grounds:

"(1) That the same states no cause of action.

"(2) That the same does not charge an offense against the laws of the State of Alabama.

"(3) For that the Statute upon which the Indictment is founded is unconstitutional and void for uncertainty."

The trial of the case below, was had on 25th day of February, 1942.

The court overruled the demurrer, whereupon the defendant plead not guilty.

The jury returned a verdict of guilty as charged in the indictment, and the court, as the law requires, duly pronounced the defendant guilty, and sentenced him to a stated period of time to hard labor for the county. From the judgment of conviction this appeal was taken.

The appeal is upon the record proper, there being no bill of exceptions, in the absence of which the special written charges refused to defendant are not to be considered.

The indictment was proper in form and substance and was sufficient to apprise the accused of the nature of the charge against him, and what was intended.

The court properly overruled the demurrer to the indictment. The Statute, Code 1940, Tit. 36, § 31, upon which the indictment is formed is not unconstitutional. State v. Hall, 24 Ala.App. 336, 134 So. 898.

There is no error apparent upon the record, therefore the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.