15 So.2d 310

**HEARD v. STATE.**

**8 Div. 360.**

Court of Appeals of Alabama.

Aug. 10, 1943.

Rehearing Denied Oct. 5, 1943.

D. P. Wimberly, of Scottsboro, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appellant was tried upon an indictment which alleged: "The Grand Jury of said County charge that before the finding of this indictment Sherman Heard, alias William Sherman Heard, whose name is to the Grand Jury otherwise unknown than as stated, having a wife then living, unlawfully married one Jewell Willbanks, or did continue to cohabit with the said Jewell Willbanks in this state, against the peace and dignity of the State of Alabama."

Such a joinder was permissible under Title 15, § 249 of the Code 1940, which reads as follows: "When offenses are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either in the same count in the alternative."

Appellant's demurrers to the indictment do not appear in the record proper but only in the bill of exceptions. However, the demurrers were properly overruled under the above cited Code section as repeatedly construed by the courts. Mastoras v. State, 28 Ala.App. 123, 180 So. 113.

The record discloses that appellant had been indicted September 11th, 1941, for marrying another while his wife was still living, but omitting the alternative of cohabiting in this State with the second wife; and that cause was on the trial docket and set for hearing on March 16, 1943, but was then nolle prossed, and the appellant, over his objection, and motion for a continuance, was forced to enter upon trial upon an indictment preferred at the Fall Term, 1942, copied at the outset of this opinion, but which was never placed on the trial docket until said 16th day of March 1942, the very day appellant was forced into trial.

The Code provides:

Title 15, Sec. 316. "It is the duty of the clerk of the circuit court to set for trial all criminal cases in his court, except capital cases, and cases of parties in custody, for particular days; and no case so set shall be called for trial before such day."

Title 15, Sec. 317. "No person shall be tried on an indictment presented by the grand jury until at least one entire day after the case has been placed upon the trial docket of the court, except with the consent of the defendant; but this section

shall not apply to cases where an indictment has been quashed or demurrer sustained thereto and a new indictment for identical offense is returned on the same day."

The latter clause says, "no person shall be tried * * * until at least one entire day after the case has been placed upon the trial docket of the court," etc. We have no authority to emasculate the Statute; it is our duty to apply and enforce it, and we must hold reversible error was committed by the lower court in ruling contrary thereto. As the cause must be reversed for this error, we deem it unnecessary at this time to pass upon rulings of the lower court, which may or may not occur again upon a retrial. We may add, however, that appellant's motion for a new trial, made after this appeal was taken, could be, as it was, acted upon by the trial court by virtue of Code Title 15, § 382; MacMahon v. Dozier, 237 Ala. 574, 187 So. 710, and the bill of exceptions, including the ruling on the motion, is before this court.

For the reasons above stated we do not now decide the questions thus raised.

Reversed and remanded.