29 So.2d 294

**WILSON v. STATE.**

**8 Div. 364.**

Supreme Court of Alabama.

Feb. 20, 1947.

J. W. Sherrill, Jr., of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

30

BROWN, Justice.

The defendant was convicted of murder in the first degree and was sentenced to the penitentiary for life. He appeals from the judgment of conviction.

The defendant before arraignment pleaded in abatement to the indictment, setting up numerous grounds involving alleged irregularities by the jury commission in filling the jury box and in making the jury roll;—in failing to put the names of all qualified jurors in the box; in systematically and intentionally excluding from the jury roll and box "all such male citizens who were on October 1, 1945, actually engaged in teaching school without regard to their qualifications or otherwise" and others alleged to be qualified jurors; irregularities in keeping the keys and the jury box with the persons designated by the statute (Title 30, § 20, Code of 1940); in leaving the key of the jury box attached to it by string; for not keeping a proper jury roll; for not keeping the jury box in a vault, and sundry other grounds.

There is an absence of averment in the plea that the "grand jurors who found the indictment were not drawn by the officer designated by law to draw the same." Nor does said plea aver "that the jurors were not drawn in the presence of the officers designated by law."

The solicitor demurred to the plea, pointing out the absence of the averments just stated, and the court sustained the demurrer.

 It is now firmly settled that the causes specified in §§ 278 and 285, Title 15, Code of 1940, are the only causes and the method prescribed is the only method of questioning the sufficiency of an indictment by a grand jury duly organized and empaneled by a court having jurisdiction of the offense. Flanigan v. State, 247 Ala. 642, 25 So.2d 685. The court did not err in sustaining the demurrer.

The only other rulings shown by the record adverse to the appellant on the trial was the refusal of a number of specially requested written charges. The appeal here is on the record proper without bill of exceptions or official report of the proceedings and evidence on the trial. In the absence of the evidence we are unable to intelligently review the refusal of special instructions. We have, however, examined the same and find that some of them are defective and others were fully covered by the special charges given and by the oral charge of the court.

We find no reversible error on the record. Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.