51 So.2d 260

### ECHOLS v. STATE.
### 8 Div. 960.

Court of Appeals of Alabama.

March 6, 1951.

S. A. Lynne, of Decatur, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted of the offense denounced by an Act approved July 9, 1945, General Acts, Alabama 1945, p. 670, Code 1940, Tit. 36, § 128, which offense is commonly called "leaving the scene of an accident."

The portions of said act pertinent to this appeal are as follows:

"Section 1. That the driver of any vehicle involved in an accident resulting in injury to or death of any person, or damage to a vehicle, shall immediately stop such vehicle at the scene of such accident, and shall also give his name and address, and the registration license number of his vehicle, and shall render to any person injured in such accident reasonable assistance, including the carrying of such injured person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary.

\*   \*   \*   \*   \*   \*

"Section 4. That all laws and parts of laws in conflict herewith are hereby expressly repealed, including an Act of the Legislature approved on July 9, 1943, (Acts Regular Session 1943 and Special Session 1942, page 548) insofar as said Act is in conflict herewith."

The above act is but a substantial re-enactment of Section 31, Title 36, Code of Alabama 1940, the only material changes being to change the words "damage to property", as it appears in the code, to "damage to a vehicle," as it appears in the act.

The indictment against this appellant was in one count, but contained alternative averments charging several offenses.

The indictment, omitting the formal parts, reads as follows:

"The Grand Jury of said County charge that before the finding of this indictment Willie Echols, alias William Echols, whose name is to the Grand Jury otherwise unknown, who was the driver of a vehicle, to-wit: a motor truck, upon a public highway in Morgan County, Alabama, which said automobile was involved in an accident resulting in injury, or death, to a person, to-wit: Nella June Maples, or damage to property upon a public highway in Morgan County, Alabama, did not give his name and address and the registration license number of his vehicle, and did not render to the said Nella June Maples, the person injured in such accident, reasonable assistance, including the carrying of such person injured to a physician or surgeon for medical or surgical treatment, it being apparent that such treatment was necessary or was requested by such injured person, or did not immediately stop such vehicle at the scene of said accident, against the peace and dignity of the State of Alabama."

That alternative in the indictment charging damage to property was apparently drawn under the provisions contained in the 1940 code, rather than under the Act of 1945, supra. We note that the pocket supplement to the code contains no indication that Section 31, supra, may have been altered. This may well account for the

604

verbiage of the alternative charging damage to property.

Be this as it may, a demurrer was interposed to the indictment. Ground 5 of said demurrer is as follows: "5: The alternative set forth in the indictment, viz.: 'or damage to property' is not the legal equivalent of the restricted item of property embraced in the statute, to-wit: 'Damage to a vehicle.'"

■ The offenses averred in the indictment being of the same character and subject to the same punishment, it was permissible that they be charged in the same count in the alternative. Mastoras v. State, 28 Ala.App. 123, 180 So. 113, certiorari denied, 235 Ala. 519, 180 So. 115.

■ However, it has long been the settled doctrine of this State that alternative averments in an indictment must each charge an indictable offense, and if one or more of the averments fail to charge a complete offense, the indictment is subject to demurrer. Noojin v. State, 29 Ala. App. 178, 194 So. 414; Mastoras v. State, supra.

■ It is apparent from a mere reading of the Act of 1945, supra, that in so far as injury to property is concerned, the now governing law has been restricted to injury to vehicles. The term "property" as used in the code section must be construed to apply to that which is the subject of property, and in this sense it includes everything corporeal and incorporeal which is the subject of ownership.

■ The indictment therefore by its use of the broad word "property," includes injuries to things beyond the scope of the Act of 1945, supra. By its broad terms the indictment charged an offense not prohibited by law. The court therefore erred in overruling the demurrer in this aspect. Bell v. State, 16 Ala.App. 100, 75 So. 648; Mastoras v. State, supra.

■ Other grounds of the demurrer (grounds 1 and 2) challenged the indictment because of its failure to identify or show the owner of the property alleged to have been damaged. Even had the indictment averred damage to a vehicle, rather than damage to property as it did aver, we think this ground of the demurrer meritorious.

In Lashley v. State, 28 Ala.App. 86, 180 So. 720, 723, this court had the following to say concerning the necessity of averring the ownership of the property in an indictment: "The demurrers to the effect that the indictment is defective in that it failed to designate or set out the names or identity of the alleged injured parties appear to be well taken. The indictment averred that as a result of the act complained of, injury or death to a person, or damage to property occurred, etc., but failed to name or identify the person injured, or who died, as a result of the accident, nor was there any allegation as to the owner of the property alleged to have been damaged in consequence of the act of the accused. When injury to the person or property of another is the offense charged, a material and essential averment of the indictment is the identity of the person injured, and also the owner of the property alleged to have been damaged. The indictment here, for the reasons stated, was defective and bad, and a conviction upon such an indictment may not be sustained. Morningstar v. State, 52 Ala. 405; Russell v. State, 71 Ala. 348; Grattan v. State, 71 Ala. 344; Langston v. State, 8 Ala.App. 129, 63 So. 38; Crawford v. State, 112 Ala. 1, 21 So. 214; Booker v. State, 24 Ala. App. 179, 132 So. 70; Cooper v. State, 26 Ala.App. 326, 159 So. 370."

The Supreme Court, with an opinion, denied certiorari in this cause, 236 Ala. 28, 180 So. 724, 725, and in reference to the point now under consideration observed:

"The statute is the rule of public safety.

"In Grattan v. State, 71 Ala. 344, Mr. Justice Somerville states the general rule that, where a new offense is created by statute, an indictment describing the offense in the language of the statute, or in words conveying the same meaning, is good, if it is sufficient to allege the facts in the doing or not doing of which the offense consists.

"In Morningstar v. State, 52 Ala. 405, the Chief Justice for the court announces

the rule that, where an essential averment of the indictment is the name or identity of a third person, the indictment must be certain as to such person; that an indictment which describes the owner of stolen property by her surname only, without any averment that her Christian name was unknown to the grand jury, is bad on demurrer. See, also, State v. Hall, 24 Ala. App. 336, 134 So. 898.

"The foregoing authorities will illustrate that under the statute, sections 4527, 4529, of the Code of 1923 [Code 1940, Tit. 15, §§ 230, 232], the rule adopted is that in an indictment for such offense created by statute it is not sufficient to describe the offense merely in the words of the statute, but such description must be specific."

It is our conclusion, in view of the doctrine of the Lashley case, supra, that the court's error in overruling the demurrer to the indictment on these grounds was also erroneous, and would compel a reversal of this cause, for analogically, the same reasons for identifying the owner applies whether the injury be to property or to a vehicle.

We observe that in a decision later than the Lashley case, supra, this court held an indictment similar to the one now being considered to be good against demurrer. See Griffin v. State, 30 Ala.App. 599, 10 So. 2d 374. The doctrine of the Lashley case having been considered on certiorari by the Supreme Court, we consider it binding on us, and so far as the doctrine enunciated in the Griffin case, supra, conflicts with the Lashley case it is hereby overruled.

■ In the proceedings below the appellant timely filed a plea of autrefois convict. The plea averred that the appellant had heretofore been indicted and convicted of manslaughter, which conviction was based on and grew out of the accident for which he is now being prosecuted for leaving, and that in said homicide prosecution the State introduced evidence that the defendant did not stop his automobile at the time said automobile ran against the injured party, and did not give his name and address, etc., nor render assistance, etc.

The State filed a demurrer to this plea, which demurrer was sustained by the court. Appellant's able counsel contends that ruling also constituted error in this case.

In Garner v. State, 31 Ala.App. 52, 11 So.2d 872, 873, this court laid down the following clear test to determine whether a second indictment charged the same offense as that for which an accused had been previously convicted, so as to sustain a plea of former jeopardy: "In our recent case of Brown v. State, [30 Ala.App. 27], 200 So. 630, 632, certiorari denied 240 Ala. 589, 200 So. 634, this court said: 'As we see it, the established test to which a plea of former jeopardy must be subjected is, whether the facts averred in the second indictment, if found to be true, would have warranted a conviction upon the first indictment. In other words, in determining whether both indictments charge the same offense, the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second; but if the facts which will convict on the second prosecution would not be sufficient to convict on the first, then the first will not be a bar to the second. Such has been the holding in innumerable decisions of the appellate courts of this State, some of which are hereby cited: Foster v. State, 39 Ala. 229; Gordon v. State, 71 Ala. 315; Hall v. State, 134 Ala. 90, 115, 32 So. 750; Ex parte State, etc., 210 Ala. 69, 70, 97 So. 240; Eastep v. State, 25 Ala. App. 593, 151 So. 616.' "

The California District Court of Appeal, in People v. McKee, 80 Cal.App. 200, 251 P. 675, 677, considered the question of whether a conviction for manslaughter amounted to former jeopardy in a prosecution for failing to stop and give required information and render assistance in violation of the California Motor Vehicle Act. In denying merit to appellant's contention in this regard the California court wrote: "It cannot therefore be successfully argued that the defendant here was twice put in jeopardy. The acts constituting the second offense did not really commence until after

**606**

the woman had been struck, at which time the first offense had been completed."

What has been said above is ample, and in our opinion convincing, that the action of the lower court in sustaining the State's demurrer to the appellant's plea of autrefois convict was correct.

Numerous other points are argued in appellant's brief. We think that what we have written above is decisive of this case. We therefore, in the interest of brevity, reserve consideration of these additional points.

Reversed and remanded.