55 So.2d 752

### COBB v. CITY OF BIRMINGHAM.
### 6 Div. 257.

Court of Appeals of Alabama.
Dec. 18, 1951.

Parsons, Wheeler & Rose, Birmingham, for appellant.

Chas. H. Brown, Birmingham, for appellee.

PRICE, Judge.

The defendant was convicted in the Circuit Court of Jefferson County, Alabama, of the offense of driving a motor vehicle while under the influence of intoxicating liquor in violation of Section 1236 of the General Code of the City of Birmingham.

The jury's verdict was: "We the jury find the defendant guilty as charged in count one of the complaint and request the court to fix penalty."

The trial Judge proceeded to sentence defendant to perform hard labor for the City for a term of thirty days as a punishment for the offense, and sentenced him to additional hard labor for the county to pay the costs..

It is insisted that since the jury by its verdict imposed no fine the court was without authority to impose a hard labor sentence. This contention is without merit.

This court in the case of Feagin v. City of Andalusia, 12 Ala.App. 611, 67 So. 630, declared the fixing of a fine on the defendant was not a necessary prerequisite to a valid judgment imposing hard labor.

It is also well settled in such cases the power is in the trial Judge and not the jury to impose hard labor. Smith v. City of Birmingham, ante, p. 72, 52 So.2d 394; Johnson v. City of Jasper, 35 Ala.App. 82, 43 So.2d 843.

The appeal here is on the record proper without official report of the proceedings and evidence on the trial.

It is further insisted that the punishment imposed by the trial court was excessive or cruel.

Nothing appears in the record to sustain this contention. The sentence was within legal limits, and where the Judge in exercising his discretion as to sentence does not exceed the authority given him by law, his discretion is not reviewable. Dunn v. State, 8 Ala.App. 382, 62 So. 379; Wood v. State, 28 Ala.App. 464, 187 So. 250; Rut-

land v. State, 31 Ala.App. 43, 11 So.2d 768; Yates v. State, 31 Ala.App. 362, 17 So.2d 776.

■ In the absence of the evidence and the oral charge the court's refusal to give special written charges will not be reviewed. Wilson v. State, 249 Ala. 29, 29 So.2d 294; Stovall v. State, 27 Ala.App. 191, 168 So. 702; Griffin v. State, 30 Ala. App. 599, 10 So.2d 374; Smith v. State, 31 Ala.App. 415, 18 So.2d 102.

There being no error in the record the judgment of the lower court is ordered affirmed.

Affirmed.