86 So.2d 839

### John W. HERROD

v.

### STATE.

8 Div. 449.

Court of Appeals of Alabama.

Jan. 10, 1956.

Rehearing Denied Feb. 7, 1956.

Matt H. Murphy, Jr., Birmingham, for appellant.

John Patterson, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment alleged that defendant, "having a wife then living, unlawfully married Earlene Jackson or did continue to cohabit with the said Earlene Jackson in this State."

The defendant's motion to exclude the State's evidence, made at the conclusion of the State's case, was granted as to the bigamy charge, and the general affirmative charge, at defendant's request, was given as to the bigamy offense. The defendant was found guilty of "unlawful cohabitation," and was sentenced to the penitentiary for a term of two years.

■ Section 249 of Title 15, Code 1940, provides: "When offenses are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either in the same count in the alternative." There was no error in the court's action in overruling defendant's demurrer questioning the sufficiency of the indictment because it did not properly apprise the defendant of which offense he was charged. Heard v. State, 31 Ala.App. 290, 15 So.2d 310.

The evidence for the State tended to show the defendant married one Nancy L. Samuel in Baltimore, Maryland, on February 3, 1948, and that on July 26, 1951, while stationed at Craig Field, Selma, Alabama, he married Earlene Jackson, in Meridian, Mississippi.

The evidence further tends to show that appellant filed suit for divorce from his first wife in Autauga County, Alabama, on July 6, 1950, but the divorce was not granted until August 6, 1951, after the date of his second marriage. The divorce decree contained the usual sixty-day statutory inhibition against remarriage by either party.

On July 29, 1951, and again on August 25, 1951, defendant and the said Earlene Jackson visited the latter's parents in Marshall County, Alabama, where they cohabited as husband and wife. Defendant was then transferred to Wichita, Kansas, where he resided with the said Earlene

Jackson until December, 1951, when they returned to Marshall County for a visit. Defendant was sent overseas in February 1952. He returned to Marshall County in January, 1953, and he and the said Earlene Jackson separated later in that month.

Defendant admitted having married the two women, but denied that he cohabited in Marshall County with the said Earlene Jackson in July or August of 1951, and testified that his first trip to Marshall County with the said Earlene Jackson, after the second marriage, was in November 1951.

The question of the sufficiency of the evidence to sustain the conviction of the bigamous cohabitation charge is presented by defendant's motion to exclude the State's evidence. It is appellant's contention that such motion should have been granted because of the State's failure to prove that the first wife was living at the time the second marriage was contracted.

■ A bigamous marriage is an indispensable element of the statutory offense of bigamous cohabitation. Beggs v. State, 55 Ala. 108.

■ In order to establish a bigamous marriage it is incumbent upon the State to prove "(1) that there was a subsisting valid prior marriage entered into by the defendant; and (2) that a second marriage had been contracted by that defendant while the lawful spouse of the former marriage was living." Fuquay v. State, 217 Ala. 4, 114 So. 898.

■■ The fact that the first wife was living at the time of defendant's second marriage may be shown by circumstantial evidence. Parker v. State, 77 Ala. 47; Eldridge v. State, 126 Ala. 63, 28 So. 580. We accord merit to the State's insistence that the fact that a divorce decree was granted between the first wife and appellant after the second marriage; evidence that appellant knew and admitted to his second wife that their marriage was invalid; testimony that appellant told his second wife that the first wife had called

to congratulate him on his second marriage and that he had received a Christmas card from her after his second marriage, was sufficient to afford a basis for an inference by the jury to the effect that the first wife was living at the time of the second marriage. Eldridge v. State, supra. And we are of the opinion that the motion to exclude the evidence was properly overruled.

The judgment of the lower court is affirmed.

Affirmed.