W.D. Fretwell was convicted of "leaving the scene of an accident" pursuant to *Page 1013 
§§ 32-10-1 and -2, Code of Alabama 1975, and sentenced to four years' imprisonment.
It is undisputed that W.D. Fretwell hit two little girls who were walking along a dirt road with the automobile which he was driving while in rural Franklin County. Both girls were injured. The older girl (an eleven-year-old) picked up her four-year-old companion, who was severely injured, and carried her to a house nearby for help.
The State's evidence proved that Fretwell was drunk at the time of the accident, and that the two children were not on the highway right-of-way when he hit them. The older girl injured in the accident and Willie Abernathy, an eyewitness who rendered assistance to the injured children, testified that after Fretwell left the road and hit the two girls, he swerved back onto the road and kept going. Both witnesses did state that he returned ten minutes later. He appeared to be very drunk and left again after a few minutes when Abernathy agreed that he should leave.
Before leaving, Fretwell told Abernathy not to call "the law".
As he left, Fretwell passed the ambulance coming to the scene. He was subsequently arrested by local authorities when he was stopped with a road block after being pursued for about a mile by a police car with its blue light flashing. The arresting officers also testified that he was highly intoxicated.
Fretwell's own testimony was the only evidence in defense. He testified that the two girls ran out in front of him while he was driving in the middle of the road. He stated that he saw them well in advance of the accident and had slowed down from approximately 40 miles per hour to about 15 miles per hour, but was unable to avoid them when they darted out in front of his car. He stated that he had had nothing to drink that morning prior to the accident.
He further stated that he stopped immediately to render assistance and walked with the older girl as she carried the younger girl to the nearby house for assistance. The older girl would not let him "help" so he returned to his automobile and drank a pint of whiskey and then returned to where Mr. Abernathy and several others were attending the injured four-year-old.
Fretwell testified that he left within a few minutes and before the police or the ambulance arrived because several residents of that "black" community had begun to threaten him, a "white" man. In fact, the older child (the eleven-year-old) that he had run over, had hit him on the head "a hundred times."
Mr. Fretwell did not leave his name, address or vehicle registration number with anyone at the scene. However, Mr. Abernathy, the eyewitness, did know Mr. Fretwell by name.
On appeal, appellant insists that the evidence does not support his conviction and that the trial court erred in refusing two of his written requested jury charges.
 I
Appellant did not object at trial to the trial court's refusal of his requested jury charges, which were in any event fully and fairly covered by the trial court's oral charge. Section 12-16-13, Code of Alabama 1975. Allen v. State, (Ms. November 24, 1981) (Ala.Cr.App. 1982). These charges (R. 10) dealt with appellant's defense that he was forced to leave the scene of the accident because of threats from bystanders. The trial court adequately explained this defense to the jury. (R. 82).
 II
Appellant contends that the admissible evidence does not support his conviction. He acknowledges the requirements of §32-10-2, Code of Alabama 1975, that a driver involved in an accident with injury, shall give his name, address, and vehicle registration number, and shall render reasonable assistance to those injured. However, he contends that he did not fulfill these requirements because the injured children refused his offer of assistance, bystanders threatened him and forced him to *Page 1014 
leave the scene, and Willie Abernathy, an eyewitness to the accident, knew him by name, anyway.
Certainly these factors, if believed by the jury, might have exonerated the appellant. However, there was also evidence that the appellant was very intoxicated when he ran over the little girls, that he did not stop to render aid, and that he returned ten minutes later only to plead with Mr. Abernathy not to report him to the police. He also left when he heard the ambulance siren, and the police had to chase him and eventually stop him with a road block. This evidence is more than sufficient to support a jury's determination that appellant indeed violated § 32-10-2.
Appellant further insists, however, that the evidence of his failure to stop and immediately return to the scene of the accident should have been excluded pursuant to his general
"motion to exclude" at the close of the State's case. He reasons on appeal that this evidence should have been excludedbecause the trial court never instructed the jury accordingly. (His argument in this regard is not abundantly clear, but it appears that he is claiming error in the denial of his motion to exclude because of an inadequate oral charge which was delivered long after his motion was denied).
In any event, he explains that § 32-10-2 contains no
requirement that a driver involved in an accident stop immediately and return to the scene.
This stop and return requirement is covered only in §32-10-1, Code of Alabama 1975. Since the trial court's oral instructions only included language from § 32-10-2 and general statements with reference the crime of "leaving the scene of an accident," appellant contends there could have been no conviction under § 32-10-1.
However, the indictment, which from aught that appears in the record was read to the jury, clearly stated that the appellant was charged with failing "to stop immediately" (the requirement of § 32-10-1) "and fulfill the requirements of § 32-10-2." The failure to fulfill the requirements of both sections is what is commonly referred to as the crime of "leaving the scene of an accident". The trial court so instructed the jury at the beginning of the trial and referenced the same in its oral charge.
Appellant presents no evidence that the jury was in any way confused or misled by the trial court's instructions and he did not request any detailed instructions with reference § 32-10-1. He did not in any way at trial challenge the sufficiency of either the indictment or the trial court's oral charge, and he made no motion for a new trial.
In effect, we are asked to overturn the jury's verdict, which we decline to do.
This record is free of error and the judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.