AFTER REMAND FROM THE ALABAMA SUPREME COURT
McMillan, judge.
The appellant, Larry Glenn Mayfield, was convicted of leaving the scene of an *90 accident and was sentenced to 14 months’ imprisonment. He was placed on probation for a period of 14 months, with the condition that he serve 30 days in the Madison County Jail and pay restitution and court costs. He appealed to this court, 545 So.2d 87 (Ala.Cr.App.1986), and this reversed. Following certiorari review, the Alabama Supreme Court, 545 So.2d 89 (Ala.1986), has ordered us to consider that opinion in light of Newberry v. State, 493 So.2d 995 (Ala.1986).
The defendant was driving an automobile from his place of employment to the business place of the car’s owner, Curry Motor Company, when he “rear-ended” a customized van driven by Mary Barksdale. Mrs. Barksdale testified that when she got out of her van and walked to the rear of the vehicle to check for damage, the appellant began yelling at her, using abusive language and claiming that no damage was done to the van. She said that then he emerged from his car, repeating his statements, and that she told him that the police would determine the damage to her van. Mrs. Barksdale further testified that upon hearing of her intention to telephone the police, the appellant became outraged, cursing at her and complaining of his need to leave. She testified that he then returned to his car and drove away, without giving his name, address, “or any other information normally exchanged by accident victims.” Mrs. Barksdale testified that the appellant had remained at the scene of the accident for approximately 20 minutes.
A witness to the accident testified that the appellant ran into Mrs. Barksdale’s vehicle and got out of his car cursing and threatening her. The witness further testified that he drove into the parking lot of a nearby Burger King restaurant in order to telephone the police, and that when he returned to the scene of the accident, the appellant had gone.
Bobby Mason, an enforcement agent with the Alabama Alcoholic Beverage Control Board, also witnessed the accident and testified that Mrs. Barksdale approached his car, requesting his assistance. When he noticed that the appellant was leaving the scene of the accident, he proceeded to follow him and identified himself as a State police officer when the appellant eventually stopped. The appellant became hostile, whereupon Agent Mason radioed for assistance from the Huntsville Police Department.
Neal Scott, of the Huntsville Police Department, responded to the call and took a statement from the appellant. Several days later, the appellant was arrested by Investigator Ralph Hatcher, the officer in charge of hit-and-run accidents, and was charged with leaving the scene of an accident.
I
The appellant contends that the statute under which a criminal penalty is established for leaving the scene of an accident failed to apprise him of the nature and cause of the accusation against him because it established this offense as a felony and as a misdemeanor. He relies on Whirley v. State, 481 So.2d 1151 (Ala.Cr.App.1985), writ quashed, 481 So.2d 1154 (Ala.1986). However, the Alabama Supreme Court laid this argument to rest in State v. Newberry, 493 So.2d 995 (Ala.1986), in which that court determined that from a reading of this statute, a defendant would be reasonably apprised of the accusation against him or her and of the possible penal consequences.
II
The appellant argues that the trial court erred in overruling his motion to dismiss on the basis of insufficient evidence “of any crime charged in the indictment.” The indictment reads as follows:
“The grand jury of said county charge, that before the finding of this indictment Larry Glenn Mayfield whose name is unknown to the grand jury other than as stated, being the driver of a motor vehicle upon a public street or highway of the State of Alabama involved in an accident resulting in damage to a motor vehicle, the property of, to-wit: Mary G. Barksdale, did fail to immediately stop *91 his said motor vehicle at the scene of said accident and give his name and address and the registration license of his said motor vehicle, against the peace and dignity of the State of Alabama.”
In Alabama, the crime of leaving the scene of an accident is covered in §§ 32-10-1 and 32-10-2, Code of Alabama (1975). Section 32-10-1 reads as follows:
“(a) The driver of any motor vehicle involved in an accident resulting in injury to or the death of any person, or in damage to a motor vehicle or other vehicle which is driven or attended by any person, shall immediately stop such vehicle at the scene of such accident or as close thereto as possible and shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 32-10-3. Every such stop shall be made without obstructing traffic more than is necessary.”
We are unable to reconcile § 32-10-3 with the requirements and nature of the offense described in § 32-10-1 and, therefore, conclude that the legislature intended to provide that the requirements of § 32-10-2 be fulfilled upon the “immediate stop” of the driver of the vehicle causing the damage or injury.[1] See Fretwell v. State, 414 So.2d 1012 (Ala.Cr.App.1982). Section 32-10-2, Code of Alabama (1975), states:
“The driver of any motor vehicle involved in an accident resulting in injury to or the death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, shall upon request exhibit his driver’s license to the person struck or the driver or occupant of or person attending any motor or other vehicle collided with or damaged and shall render to any person injured in such accident reasonable assistance, including the transportaion of, or the making of arrangements for the transportation of such person to a physician or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such transportation is requested by the injured person.”
Section 32-10-3 addresses a driver’s duty upon striking an unattended vehicle.
This statute’s forerunner, which contained the same language, has been held to be constitutional, despite a claim of uncertainty. Griffin v. State, 30 Ala.App. 599, 10 So.2d 374 (1942), overruled on other grounds, Echols v. State, 35 Ala.App. 602, 51 So.2d 260, 262 (Ala.Cr.App.1951). It is, further, not violative of due process. State v. Campbell, 21 Ala.App. 303, 107 So. 788 (1926); Lashley v. State, 236 Ala. 1, 180 So. 717 (1938). For the same reasons noted in the cases cited, § 32-10-1, Code of Alabama (1975), is constitutional.
The record indicates that the appellant left the scene of the accident before the arrival of the police officers; however, it is undisputed that he immediately stopped his vehicle and remained at the scene for at least 20 minutes. The State relies on Fretwell v. State, 414 So.2d 1012 (Ala.Cr.App.1982), in which this court held that the evidence presented was sufficient to support the appellant’s conviction for leaving the scene of an accident. However, in Fretwell, one of the parties. injured in the accident and an eyewitness testified that after the appellant hit the two victims, he swerved back onto the road and kept going. In the case at hand, even the victim testified that the appellant immediately stopped his vehicle and remained at that scene for some time.
*92 Because the jury was not instructed that they had the option of returning a verdict of guilty as to the lesser-included offense under § 32-10-2, Code of Alabama (1975), this case is reversed and judgment rendered with no further proceedings to be had, in accordance with Beverly v. State, 497 So.2d 519 (Ala.1986).
REVERSED AND JUDGEMENT RENDERED.
All Judges concur except TAYLOR, J., dissenting without opinion.

. General Acts Alabama 1943, No. 558, § 2, contains the same reference to the statute addressing a driver's duty upon striking an unattended vehicle, as does § 117, Code of Alabama (1958). The improper reference was eradicated by the subsequent passage of Title 36, § 128, Code of Alabama (1958), which included the requirements set out by the statute on a driver’s duty to give information and render aid, i.e. § 32-10-2, Code of Alabama (1975), and Title 36, § 118, Code of Alabama (1958), rather than the improper statute. Although this statute did not repeal § 117 in its entirety, the conflicting language was repealed. See Jansen v. State ex rel. Downing, 273 Ala. 166, 137 So.2d 47 (1962); Fletcher v. Tuscaloosa Federal Sav. & Loan Ass'n, 294 Ala. 173, 314 So.2d 51 (1975). However § 128 was repealed by the codification of Code of Alabama (1975), see § 1-1-10 Code, and the original language was repeated.