## HARPER v. UNITED STATES. [*]

Circuit Court of Appeals, Eighth Circuit.
June 4, 1928.

No. 7869.

1. **Indictment and information** ⊕≈108—That pleader misstated number of section of statute in indictment was immaterial, where language stated offense (Cr. Code, §§ 37, 135, 136 [18 USCA §§ 88, 241, 242]).

That pleader in indictment charged conspiracy under Criminal Code, § 37 (18 USCA § 88), to violate section 136 (18 USCA § 242), instead of conspiracy to violate section 135 (18 USCA § 241), was immaterial, where language fully stated offense denounced by statutes, since statement that facts violate certain section is nothing more than pleader's conclusion, which may or may not be correct.

2. **Conspiracy** ⊕≈43(6)—In indictment charging conspiracy to violate statute, objects of conspiracy need not be set forth in same detail that otherwise would be proper (Cr. Code, §§ 37, 135 [18 USCA §§ 88, 241]).

In indictment charging conspiracy, Criminal Code, § 37 (18 USCA § 88), to violate section 135 (18 USCA § 241) it was unnecessary to set forth violation of section 135 (18 USCA § 242) with same detail and precision that otherwise would be proper.

3. **Conspiracy** ⊕≈43(6)—Indictment charging conspiracy to institute false prosecution against government witness held sufficient (Cr. Code, §§ 37, 135 [18 USCA §§ 88, 241]).

Indictment charging defendants conspired that false prosecution be instituted against government's principal witness in criminal action, and that they induced defendant O. to execute fraudulent statement before justice of peace, and caused warrant of arrest to be issued, to be served on such witness, so that he would be placed in jail and be prevented from appearing and testifying in criminal action, held sufficient, under Criminal Code, §§ 37, 135 (18 USCA §§ 88, 241).

[*]Rehearing denied October 18, 1928.

4. **Conspiracy ⬥48—In prosecution for conspiracy to institute false prosecution against government witness, defendant's good faith in making charge held for jury (Cr. Code, §§ 37, 135 [18 USCA §§ 88, 241]).**

In prosecution under Criminal Code, §§ 37, 135 (18 USCA §§ 88, 241), for conspiracy to institute false prosecution against government's witness in criminal action, good faith of defendant in making charge *held* for jury.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

R. L. Harper, indicted as Bob Harper, was convicted of conspiracy, and he brings error. Affirmed.

Ben Cravens, of Ft. Smith, Ark. (Fadjo Cravens, of Ft. Smith, Ark., and Jeptha H. Evans and Charles I. Evans, both of Booneville, Ark., on the brief), for plaintiff in error.

W. N. Ivie, Asst. U. S. Atty., of Ft. Smith, Ark. (S. S. Langley, U. S. Atty., of Ft. Smith, Ark., on the brief), for the United States.

Before KENYON, Circuit Judge, and SYMES and MARTINEAU, District Judges.

SYMES, District Judge. Plaintiff in error, Harper, who will be referred to as defendant and eight others, were indicted in the United States District Court for the Western District of Arkansas for conspiracy. Five of the eight were tried, and Harper, Towns, and Thompson were convicted and sentenced on the first count. All were acquitted on the second count. Harper alone brings the case here on writ of error.

The first count charged that Harper and the eight others named conspired together in violation of section 37, C. C. (USCA title 18, § 88), to violate section 135, P. C. (18 USCA § 241), which, so far as is material here, reads: "Whoever corruptly, * * * shall endeavor to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or officer acting as such commissioner, or any grand or petit juror, * * * or who corruptly * * * shall influence, obstruct or impede, * * * the due administration of justice therein," shall be punished as the section provides.

The facts alleged in the first count are, briefly: That on January 8, 1927, criminal actions were and had been pending and undetermined before the United States court, the United States commissioners and grand juries, within the jurisdiction of the Ft. Smith Division of the Western District of Arkansas, against Harper, Thompson, Creek, and numerous others, for violation of the penal laws of the United States. That one M. M. Young, of Ft. Smith, Ark., was the principal and material witness for the government in the said pending cases, and that his evidence would be important to prove the charges. That defendants, with full knowledge thereof, and with intent to obstruct and impede the administration of justice, etc., did conspire and agree that a false prosecution be instituted against said Young, based on affidavits of two young girls, Lizzie Brisco and Sarah Minks, charging him with a felony, and thus cause a warrant of arrest to be issued, which would result in his being apprehended and incarcerated under a false charge. That they would thereby influence, intimidate, and impede the witness Young, and obstruct the due administration of justice, in violation of section 136, P. C. (18 USCA § 242). That in carrying out the said unlawful conspiracy they, on January 4, 1927, in violation of section 136, P. C., induced the defendant Creek to execute a false and fraudulent statement before a justice of the peace, to the effect that he had seen the witness Young going out with Ruth Fields, a young 14 year old girl. That on the 8th of January, 1927, they induced the defendant Sarah Minks to make a false affidavit before the said justice of the peace, reciting that Young had taken her (Sarah Minks), a 14 year old girl out, gave her whisky, and had had improper relations with her, and likewise caused Lizzie Brisco to make a similar affidavit in support of the affidavit of Sarah Minks. That upon said affidavits they caused a warrant of arrest to be issued by the justice of the peace and placed it in the hands of the sheriff, to be served on Young late one night, with the expressed intention on the part of the defendants that the witness Young would thereby be placed in jail at Washington county, and be prevented from appearing in the United States District Court at Ft. Smith, Arkansas, and testifying in the criminal actions pending against the defendants, etc.

Twenty-two errors are assigned, but counsel for defendant urge two only as justifying a reversal. They are: First, the insufficiency of the indictment; and, secondly, lack of sufficient evidence to support the verdict. The brief also discusses an additional ground for reversal; i. e., failure of the court to give an instruction requested by defendant.

[1] Adverting to the first ground of complaint, that the indictment alleges that the object of the conspiracy was to violate sec-

tion 136, when, as a matter of fact, the offense stated, if any, set out a conspiracy under section 37, C. C. (title 18, § 88, US CA), to violate section 135 C. C. (title 18, § 241, USCA): It is quite apparent from a reading of the indictment that section 136 is not involved, and no crime stated thereunder. We agree with the lower court, however, that the allegations sufficiently state a conspiracy, under section 37, to violate section 135, supra. The fact that the pleader has misstated the number of the section is immaterial, it being sufficient if the language fully states an offense denounced by the federal statutes. Johnson v. Biddle (C. C. A.) 12 F. (2d) 366, at 369; Taylor v. U. S. (C. C. A.) 2 F.(2d) 444. In the latter case it is held that reference by number to the wrong section of the Criminal Code as the one under which the indictment is brought does not affect or defeat the indictment. An indictment is nothing more than a pleading, and its sufficiency must be determined by the facts therein set forth. The statement that the facts violate a certain section of the statute is nothing more than the pleader's conclusion, which may or may not be correct, and neither adds nor detracts from the allegations.

[2] Next it is said that the objects of the conspiracy are not set forth in sufficient detail to state a crime under section 135; that the case or cases in which Young was disclosed as a witness, in what court they are pending, and the issues, etc., should all be stated. Counsel would likewise have the indictment indicate what Young would testify to.

Counsel quotes from several standard texts, such statements, for example, as "every indictment must be 'certain to a certain intent in general' "; "that the accused may understand * * * exactly what charge he is called upon to meet, * * * prepare his defense," etc. This from Wharton's Criminal Procedure, § 193:

"It is a general rule that the special matter of the whole offense should be set forth in the indictment with such certainty, that the offense may judicially appear to the court. When special facts are an essential part of the offense, they must be set out." Also: The crime "must be charged with precision and certainty, and every ingredient of which it is composed must be clearly and accurately set forth," and so on. Zoline's Federal Criminal Law and Procedure, vol. 1, § 160.

We agree that an indictment must meet these very general requirements. These quotations, however, refer to the substantive offense. In the indictment under consideration, the gravamen of the charge is the alleged violation of the conspiracy statute, section 37. It is immaterial whether or not there was an actual violation of the particular section of the Criminal Code that was the object of the conspiracy. It therefore follows that the same need not be set forth with the same detail and precision that otherwise would be proper.

In Goldberg v. U. S. (C. C. A.) 277 F. 211, it is said: "It is not necessary, in an indictment for a conspiracy to commit an offense, to allege the facts constituting the offense which is the object of the conspiracy with the particularity requisite in an indictment for the commission of that offense. The conspiracy and the offense which is its object are separate crimes. The gist of the former is the conspiracy and 'certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is necessary in stating the object of the conspiracy.' "

[3] Our inquiry in the instant case is: Was a crime under section 37 properly stated? The gist of the offense is the unlawful agreement, or understanding. If the pleading satisfies that requirement—and we agree that it does—we then look to see if an overt act is properly charged. The object of the conspiracy is stated to be an endeavor to impede the witness Young, in the sense of the statute, before the United States commissioner, the grand jury, and the District Court. The overt acts are then described: That a false prosecution would be instituted, based on false affidavits procured by the defendants from certain parties, specifically named, charging Young with certain specific acts, the issuance of the warrant, the arrest, etc. We are unable to see how the defendant, or his counsel, could fail to understand the nature of the offense the government expected to prove, and what they must defend against.

It will be observed that the language of section 135 is much broader than that of section 136. It denounces as a crime the *endeavor;* that is, any attempt to influence or impede a witness, etc., as well as the completed act of so doing. We have examined Wilder v. U. S. (C. C. A.) 143 F. 433, and Harrington v. U. S. (C. C. A.) 267 F. 97, cited in plaintiff in error's brief, and find nothing in conflict with our conclusions. The Wilder Case, especially, points out that section 135 creates two offenses, and emphasizes the fact that the language is very broad, and covers a wide field of possible obstructions

that might be put in the way of the administration of justice, and, further, that the acts forbidden are not merely those which would of necessity prevent a fair trial in the pending cases, but any that might have that effect. The only discussion in the Harrington Case material here is on the question of intent. We think that was properly covered by the court in more than one place in the instructions. This likewise disposes of the third ground argued by defendant's counsel.

Secondly. Some of the alleged co-conspirators pleaded guilty, among them Creek —who, testifying for the government, said— he made a false affidavit, and that the other defendants, including Harper, were conversant therewith; that Harper discussed with him plans to bring about Young's detention, so that he could not appear against them on the liquor charges, pointing out that that was the only way he (Creek) could be freed from the pending charges.

There is also evidence that defendants attempted to get false affidavits from Ruth Fields; that she was offered $200 to say that Young mistreated her. The object thereof was, as stated to her, that her affidavit would clear about 50 or 60 different persons from liquor charges. Harper's attorney, according to competent testimony, took the false affidavit; and when the veracity of the affidavit was questioned, she was told to swear to it anyhow. Lizzie Brisco testified that. the defendants induced her to knowingly make a false affidavit against Young, and promised they would save her from any possible trouble.

Sarah Minks' testimony consisted of the same kind of a story. Several testified that Harper was present on many of the occasions when these affidavits were discussed and procured, and was the draftsman of at least one; that he procured the warrant of arrest for Young, and drove the deputy sheriff over to Ft. Smith with the warrant, when Young was arrested on the Saturday night prior to the convening of the federal court at Ft. Smith the following Monday.

It also appears that Harper was informed on January 26, 1927, that the information he had received in respect to Young was false, and that Ruth Fields and Ruby Combs had refused to make the affidavits. Nevertheless he continued his efforts, which included another trip at his own expense over to Springdale, when the false affidavits of Lizzie Brisco and Sarah Minks were secured.

[4] The record discloses little dispute on the facts. The defense is good faith; that is,

that Harper was not consciously guilty of making a false charge against Young, but was merely preparing a legitimate defense. Defendant really went to trial on that issue alone. The intentions and good faith of defendant were solely a question for the jury, and they were so instructed.

The judgment of the lower court is affirmed.