303 So.2d 162

**Leonard Levert FITZGERALD, III, and Lawrence Edward Biggs**

**v.**

**STATE.**

**I Div. 476, I Div. 477.**

Court of Criminal Appeals of Alabama.

Oct. 29, 1974.

**664**

Gibbons, Stokes & Clark, Mobile, for appellants.

William J. Baxley, Atty. Gen., and Donald G. Valeska, II, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

Taking a deer at night; $500.00 fine.

These cases came to the Mobile Circuit Court after appellants were convicted on the same charge in the Court of General Sessions of Mobile County.

In the circuit court the appellants waived trial before a jury and agreed to be tried on the District Attorney's complaints.

After each appellant pleaded "not guilty", the cases were presented to the circuit judge on the following evidence:

On the night of September 9, 1973, State Conservation Officer Fred Killam was parked on Celeste Road in Mobile County. About 8:00 P.M. he drove to an area where he thought he heard a shot. Hiding his car, he walked until he found an unantlered doe which had been shot. Officer Killam notified two other cars, then waited in the bushes near the deer. After more than an hour, he saw a pickup truck drive within a hundred yards of the deer. Two men later identified as Biggs and Fitzgerald ran to the deer and dragged it to the edge of the pavement. Officer Killam watched as the men waited in the weeds with the deer until the pickup truck returned. The two men called out "here we are." After they loaded the deer and drove off, Officer Killam radioed Officer Harbin, who was stationed further down Celeste Road. Officer Killam then drove about two miles to the point where Officer Harbin had the truck stopped.

Officer Harbin confirmed that he received the call for assistance and proceeded to follow and stop the truck. He saw the two appellants in the back of the pickup with the doe lying on the floorboard. No weapon of any kind was found in the truck or elsewhere. The driver and appellants were then arrested by Officer Harbin for possession of the deer.

I.

Appellants insist the complaints did not charge a violation of any statute and were fatally defective. The complaints filed against appellants were identical except for the names and omitting the formal parts charged:

"Comes now the State of Alabama, by and through Willis W. Holloway, Jr., Assistant District Attorney for the Thirteenth Judicial Circuit of Alabama, and complains that within twelve months before the beginning of this prosecution Lawrence Edward Biggs did unlawfully take, capture or kill a deer a (sic) night in Mobile, Alabama, a game animal protected by the laws of this State, more particularly described in the Alabama Regulations 1970–71—Game, Fish, and Fur Bearing Animals, Section 5 and 6, and Sections 2 and 3, of Senate Bill No.

804, passed on September 22, 1971, between sunset and daylight, in Mobile County, Alabama, contrary to law and against the peace and dignity of the State of Alabama."

They argue the complaints charge violations of certain regulations and Senate Bill No. 804.

The principal question here is whether the defect complained of involves an essential element of the offense, rendering the complaints incapable of supporting the judgments.

■ A defect not associated with an essential element of the offense would not by its presence be fatal to a complaint, and is noticed by this court only when taken advantage of by demurrer in the lower court. Hornsby v. State, 94 Ala. 55, 10 So. 522.

■ A different rule prevails if the defect involves an element of the offense. Under this circumstance, the indictment is void, and this court is duty bound to take notice even in the absence of objection. Likos v. State, 28 Ala.App. 231, 182 So. 81.

Title 15, § 231, Code of Alabama, 1940, provides that an indictment must not be held insufficient by reason of form which does not prejudice the substantial rights of the defendant.

Title 15, § 232, Code of Alabama, 1940, provides:

"The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; . . ."

■ The necessary allegations in these complaints charge that appellants ". . .

did unlawfully take, capture or kill a deer a (sic) night in Mobile, Alabama, a game animal protected by the laws of this State . . . between sunset and daylight, in Mobile County, Alabama, contrary to law . . ."

These complaints fully complied with the statutory requirements of Title 15, § 232. The averments apprised appellants of the accusation, enabled preparation of a defense, and permitted the court on conviction to pronounce proper judgment. Gayden v. State, 38 Ala.App. 39, 80 So.2d 495.

■ Further, we do not think references to the regulations and Senate Bill are fatal. In Sanders v. State, 289 Ala. 224, 266 So.2d 802, the Alabama Supreme Court construed the phrase "a more particular description of which is to the Grand Jury otherwise unknown" as surplusage and held the indictment sufficient.

This court announced in Allen v. State, 33 Ala.App. 70, 30 So.2d 479, that misrecital of a code section would not render a complaint void, if the facts set forth constitute an offense under any statute. In our opinion, these additional references were surplusage, and the remaining allegations were sufficient under Title 8, § 93(9) [1] to inform appellants of the charges against them.

■ In the instant case, appellants did not interpose a demurrer, but pleaded "not guilty". The surplusage, although demurrable, is deemed to have been waived after appellants' pleas. Pierce v. State, 38 Ala. App. 97, 77 So.2d 507; Carr v. State, 22 Ala.App. 415, 116 So. 903.

II.

■ It is appellants' contention that it was reversible error to admit this state-

1. *Title 8, § 93(9). Taking of deer at night.* —It shall be unlawful for any person, firm or corporation to take, capture or kill deer at night in Alabama by any means or device, including but not limited to the use of any type of light. (1971, No. 2309, p. 3731, § 2, appvd. Oct. 1, 1971.)

**666**

ment appearing in direct testimony of Officer Killam:

"Q. Did you give the defendants their rights?

"A. I did. I advised them that they had the right of an attorney without answering anything, but I would like to know who shot the deer. Fitzgerald said, I will tell you later.

"Q. Did you give them their Miranda Warning?

"A. No, sir, I . . .

"MR. STOKES (Defense counsel): I object, Your Honor, it is a general statement, he has not testified what it was.

"THE COURT: All right. Sustained."

Counsel insists the statement, "I will tell you later", was subject to the rule governing confessions and was inadmissible without proof that it was voluntarily made.

"The rule in this state does not limit confessions, requiring the laying of a predicate, to direct confessions of guilt. It is required, however, *that the statement, within itself, shall be incriminating, support an inference of guilt. Statements of collateral facts, not criminating within themselves, but depending on other and outside evidence, disclosing a chain of circumstances incriminating in character, are not confessions within the rule requiring the laying of a predicate, but are deemed voluntary.*" Herring v. State, 242 Ala. 85, 5 So.2d 104 (Emphasis added)

In the case before us, Fitzgerald's response was not a confession nor incriminating within the rule requiring a predicate. Baker v. State, 35 Ala.App. 596, 51 So.2d 376.

### III.

Finally, appellant complains that the state did not make a prima facie case and the motion to exclude should have been granted.

 We are of the opinion that the evidence presented was ample to sustain the conclusion reached. The probative force accorded the evidence offered by the two conservation officers was for the judge, and the testimony by Officer Killam alone was sufficient to make a prima facie case.

Affirmed.

All the Judges concur.