Appellant Gary Wade Morrison was convicted by a Jefferson County jury of violation of the Alabama Uniform Controlled Substances Act, § 20-2-1, et seq., Code of Alabama 1975, and was sentenced to five years' imprisonment. In addition, a $25,000 fine was levied against him.
The state's evidence tended to show that the law enforcement officers, in obtaining the warrant for the search of Morrison's house, averred that they had been provided with information that there was marijuana in the appellant's house; that the information was provided by an informant who had proven to be reliable at least twice in the *Page 242 
past. The warrant was carried out and 467 pounds of marijuana was seized from the appellant's house and his car. Law enforcement officers later took a "pinch" of green plant material from each of the bales of green plant material so that each might be tested to determine whether it was, in fact, marijuana. A total of 18.1 grams was thus obtained and the "pinch" from each bale was placed in a different small bag. The remainder of the marijuana was carried to the United States Steel mill and burned in the furnace under the observation of law enforcement officers. On appeal Morrison sets forth seven grounds, each of which he claims merits reversal of the case.
 I
Appellant Morrison contends first that § 20-2-80, Acts of Alabama 1980 No. 80-587, is unconstitutional for the failure of the legislature to provide a maximum limit of punishment upon conviction. Our court addressed this precise issue in Dickersonv. State, 414 So.2d 998 (Ala.Crim.App. 1982). Section 20-2-80
(1) does not provide for a maximum sentence. The court, per Judge Tyson, noted that all sentences are restrained by Article 1, Sec. 15, of the 1901 Alabama Constitution limiting the infliction of excessive fines and cruel and unusual punishment, and also noting the strictures of the Eighth Amendment of the United States Constitution. The court then held that § 20-2-80
(1) is constitutional. We affirm that holding here.
 II
Appellant next contends that the court erred in failing to dismiss the indictment because the deputy sheriffs burned all of the marijuana except 18.1 grams. He asserts that there may have been plant material in the bales which was not marijuana but that he is unable to prove that fact in mitigation since the material was incinerated. Again, appellant tracks the language of the Dickerson case, contending that he should have been allowed to exclude those portions of the marijuana plant which were excludable under the definition of marijuana in §20-2-2 (15). The idea is that some of the stalk and other parts of the plant may not fit the definition because they may not contain the requisite chemical compounds. To make a case of trafficking in marijuana, the state had to prove that the appellant was in possession of at least 2.2 pounds of the prohibited substance. In this instance, 467 pounds of substance purporting to be marijuana, and obviously believed by all concerned to be marijuana, were confiscated. While it would be foolish practice to destroy evidence before a trial in the ordinary situation, there exists in our minds no doubt that the 467 pounds of "baled green plant material" contained enough marijuana to amount to 2.2 pounds or more. In light of the analysis of the contents of the sample from each bale, there exists a strong and persuasive inference that the remainder of the material was similar, and not merely stalks and sterilized seeds. We find that any error committed in this instance was error without injury as regards the appellant.
 III
Appellant contends that the affidavit was insufficient to justify a finding of probable cause by the magistrate issuing the search warrant. We find, in examining this affidavit, that it is substantially identical to those which have been held to support a finding of probable cause in other cases. The search warrant in this case is similar to that approved by us inThornton v. State, 390 So.2d 1093 (Ala.Crim.App. 1980). We hold that this is a valid search warrant.
Appellant next contends with respect to the warrant that it was obtained by false or fraudulent misrepresentation and/or statements by the affiant. In support of this, appellant gives lengthy consideration to the proposition that a particular person, allegedly one Cynthia McDonald, was the sole source of information and that the police fabricated the story about the confidential informant. *Page 243 
The officer making the affidavit for the search warrant strongly denied that this woman was the confidential informant. The court, in denying the appellant's motion to suppress, had an opportunity to hear all the testimony and observe the demeanor of all the witnesses. He found the fruits of the search were not due to be suppressed. The trial court's ruling is to be given credence unless clearly erroneous or palpably wrong, which we find it was not in this instance. Brumback v.State, 371 So.2d 999 (Ala.Crim.App. 1979); Smith v. State,351 So.2d 668 (Ala.Crim.App.), cert denied, 351 So.2d 675 (Ala. 1975).
Appellant also contends that because of his claim that the search was an illegal search, a remark made by him during the search was due to be suppressed. The remark was that he should not have done it, or that he knew better, or words to that effect. Since we find the motion to suppress was properly denied, this statement was admissible.
 IV
Appellant contends that error was committed in the course of adducing testimony from the lab technician concerning the marijuana. The assistant district attorney asked Mr. Sparks, the state crime lab analyst, "if envelope No. 1 was a sample from a larger container, a representative sample . . . where the original bale or garbage bag contained 29 pounds of marijuana, would you expect there to be a kilogram [2.2 pounds] or more of controlled substance being marijuana or cannabis?" The testimony regarding the weight of bales had been given by another person, Deputy Thrasher. While the lab technician had no personal knowledge of the weight of the bags, we think it was practical to ask him to assume their weight was as previously testified in making his answer. The testimony that the bales weighed 29 pounds was already in evidence.
Appellant argues that the hypothetical requires one to believe Thrasher's testimony. Any hypothetical question based on evidence requires that, for the sake of the question, the witness assume the correctness of the evidence. We find no error in this method of proceeding.
 V
Appellant contends that his demurrer to the indictment should have been sustained because the indictment failed to track the language of the statute. The indictment did not state that the trafficking was done "knowingly" and it did not say that possession was "actual or constructive." An indictment must, of course, inform the defendant of the charge he must defend against; if it fails to do this, then it is defective. When the indictment charges "unlawful" possession, then by inference it means "knowing" possession. Either actual possession or constructive possession is sufficient to constitute the crime. It should not be necessary in the indictment to detail whether the possession expected to be proved is actual or constructive or both. The defendant was not injured by the wording of this indictment and was properly informed of the charges against him. The court did not err in denying the demurrers to the indictment.
Appellant also contends that the court erred to reversal when the judge, in his oral charge, charged the statutory language of § 20-2-80, including that the trafficking was done "knowingly" and that the possession could be actual or constructive. Appellant contends that this is a "judicial amendment" of the indictment. We disagree and find no error in the court's charge in this respect.
 VI
Appellant also contends that the court erred in that the verdict form submitted to the jury should have required the jury to say precisely how much marijuana was possessed by the appellant, by weight. Counsel states that he relies on the rationale of Dickerson, supra. The verdict of guilty as returned by the jury stated that they found defendant "guilty of trafficking in cannabis as charged in the indictment." By this verdict they did, in fact, find the *Page 244 
appellant guilty of possession of more than 2.2 pounds of marijuana. This was a standard verdict form. No error was committed by its use.
 VII
Appellant finally contends that the circuit court erred in overruling a defense objection to improper closing argument. The objected-to language is this:
 "MR. MAHON: And he is not paying his social security and state taxes and federal taxes and occupational taxes —
 "MR. PARKER: If your Honor please, there is no evidence, he is arguing things now without the evidence. We object and ask the court to tell the jury not to consider that.
"THE COURT: Overruled.
 "MR. PARKER: And we assign as grounds an attempt to prejudice also, what is certainly not in evidence.
"THE COURT: All right. Overruled."
There appears to have been no testimony regarding Mr. Morrison's occupation. Our court has held in numerous cases that remarks by the prosecutor which accuse defendant of the commission of a crime other than that for which he is on trial and which are unsupported by any evidence in the case, require reversal. Bevins v. State, 39 Ala. App. 228, 229, 97 So.2d 572,cert. denied, 266 Ala. 695, 97 So.2d 574 (1957). We are concerned with the effect that would be wrought by affirmance of this case in light of these prosecutorial accusations of other crimes. Upon asking ourselves whether the defendant received a fair trial, we have to say that it is not fair, but rather, foul to accuse a defendant in closing argument with crimes with which he is not charged. To approve this conduct of the district attorney is to discard the entire principle underlying our system of fair trial. Consequently, we are constrained to hold that the court erred to reversal in its failure to sustain the objections of counsel and in its failure to instruct the jury to disregard the statements or to give a curative instruction as requested by counsel.
In light of the foregoing, the judgment is due to be reversed and the case remanded to the circuit court for further proceedings not in conflict with our holding herein.
REVERSED AND REMANDED.
All the Judges concur.