STEAGALL, Justice.
Defendant William James Johnson was convicted in the Circuit Court of Washington County for violation of the Alabama Uniform Controlled Substances Act. Johnson petitioned for a writ of habeas corpus with the Elmore County Circuit Court, alleging that the indictment charging him had failed to specifically aver one of the essential elements of the crime. The trial court dismissed Johnson’s petition for failure to comply with the form provided by Temporary Rule 20, Ala.R.Crim.P., and on the ground that venue was improper. Johnson appealed the dismissal to the Court of Criminal Appeals, which reversed the judgment and remanded the cause to the trial court with instructions to return the petition to Johnson to be amended to comply with the form pursuant to Temporary Rule 20.6(a), and to conduct a hearing to determine the jurisdictional questions raised in Johnson’s petition. 555 So.2d 215 (Ala.Cr.App.1988). The State of Alabama, as petitioner here, agrees with the holding that Johnson should be allowed the opportunity to comply with the requirements of Rule 20, but disagrees with the language of the Court of Criminal Appeals’ opinion that mandates a hearing on the petition because of that court’s belief that the petitioner is entitled to a hearing.
The Court of Criminal Appeals stated in its opinion:
“Furthermore, the failure of an indictment to charge an offense is a jurisdictional matter, Barbee v. State, 417 So.2d 611 (Ala.Cr.App.1982), and is properly raised in a Rule 20 petition. See Rule 20.2(a)(3). Therefore, the appellant was entitled to a hearing on this matter. This cause is remanded to the Circuit Court of Elmore County with orders, assuming the appellant complies with the requirements for the Rule 20 form, pursuant to Rule 20.6(a), to transfer this cause to the Circuit Court of Washington County in order for a hearing to be held on the appellant’s petition.”
Alabama Rules of Criminal Procedure, Temporary Rules 20.7(d) and 20.9(a), respectively, state:
Rule 20.7(d):
“If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition. Leave to amend shall be freely granted. Otherwise, the court shall direct that the proceedings continue and set a date for hearing.”
Rule 20.9(a):
*218 “Unless the court dismisses the petition, the petitioner shall be entitled to an evidentiary hearing to determine disputed issues of material fact, with the right to subpoena material witnesses on his behalf. The court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing, in which event the presence of the petitioner is not required; or the court may take some evidence by such means and other evidence in an evidentiary hearing. When facilities are available, the court may in its discretion order that any evidentiary hearing be held at the place of petitioner’s confinement, giving at least seven days’ notice to the officer in charge of the confinement facility. A verbatim record of the hearing shall be made.”
The State’s petition is well founded. The Court of Criminal Appeals’ decision states that the petitioner is entitled to an eviden-tiary hearing provided that he complies with the requirements for the Rule 20 form. The temporary rules not only require that the petition meet the requirements of the Rule 20 form, but, in order to have an evidentiary hearing on the matter, also require that the petition be meritorious on its face. Ala.R.Crim.P., Temporary Rule 20.7(d). We, therefore, find error in that part of the Court of Criminal Appeals’ opinion that mandates that Johnson be given a hearing on this matter without regard to the standard prescribed by Rule 20.7(d).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.