Appellant, Johnny Stewart, was convicted, after a jury trial, for trafficking in cocaine, in violation § 20-2-80(2), Code of Alabama 1975, and was sentenced to 15 years' imprisonment, fined $25,000, and ordered to pay $250 restitution. Because of our disposition of this case, we deem it unnecessary to recite the facts.
Appellant contends that the indictment, under which he was tried and convicted, does not aver all the elements of the crime of trafficking in cocaine and, for that reason, does not charge a crime that would have conferred jurisdiction upon the trial court. The indictment reads, in pertinent part, as follows:
 "The Grand Jury of said County charge that before finding this indictment on to-wit: Johnny Stewart whose name is otherwise unknown to the Grand Jury other than as stated, did possess, sell or deliver in excess of 28 grams of a controlled substance, to-wit: Cocaine in violation of the Alabama Uniform Controlled Substances Act, a violation of § 20-2-80 of the Code of Alabama. . . ."
Appellant contends that § 20-2-80(2)[1] makes knowledge an element of the offense by requiring that a defendant "knowingly" sell, manufacture, deliver, or bring into this state, or "knowingly" be in actual or constructive possession of 28 grams or more of cocaine or of any mixture containing cocaine, and that the instant indictment fails to allege this element. He argues that the failure to allege this essential element renders the indictment void and unable to support a judgment of conviction.
The state argues, in brief, that appellant's issue is not preserved, because he did not object to the indictment during trial on the ground now urged on appeal and, also, the motion he did file was untimely. An appellant usually waives irregularities in an indictment by appearing and pleading in the trial court, because his plea to the merits is held an admission that the indictment is valid. Canada v. State,421 So.2d 140, 145 (Ala.Cr.App. 1982). However, "[t]he only exception to this is when an indictment fails to include an essential element of the offense which leaves the accused unaware of the nature and cause of the charge against him."Id., at 145. "This Court is bound to take notice of defects in an indictment which render it void, even in the absence of an objection." Felder v. State, 512 So.2d 817, 818 (Ala.Cr.App. 1987); Barbee v. State, 417 So.2d 611, 612 (Ala.Cr.App. 1982). See also A.R.Cr.P. Temp. 16.2(a) and (d) (which provide that the failure of the charge to state an offense may be raised at any time).
We find that this case fits the exception to the preservation rule that is urged by the state, for we find that the omission of the allegation of knowledge in the instant indictment is the type of defect that renders the indictment void. Alabama courts have expressly recognized that knowledge is an essential element to the conviction for an offense involving possession of a controlled substance. See, e.g., Walker v. State,356 So.2d 672 (Ala. 1977) (possession); Donahoo v. State,505 So.2d 1067, 1070 (Ala.Cr.App. 1986) (trafficking). Because it is an essential element, knowledge should have been alleged in the indictment. See 28 C.J.S. Drugs and Narcotics Supplement § 184(a) (1974) (wherein it is recognized, "[w]here knowledge on the part of accused of the nature of the contraband possessed is necessary to sustain a conviction of an offense of possession of narcotics the indictment must allege such knowledge"). Compare Thompson v. State, 454 So.2d 1053, 1055-56
(Ala.Cr.App. 1984) (where the court ruled that an indictment *Page 29 
charging unlawful possession of marijuana, pursuant to § 2-2-70
which does not expressly include "knowledge" as an element, is not void for failing to charge that the defendant knowingly possessed marijuana). See also 28 C.J.S. supra, at § 184 (wherein it is noted that "it is not necessary that scienter be alleged in an indictment charging a narcotics offense unless by statute it is made an element of the offense that the prohibited act be knowingly or willfully done").
We also find guidance for our holding in Davis v. State,68 Ala. 58 (1880), wherein the court reviewed the validity of an indictment charging the statutory offense of transporting or moving seed cotton at night. The statute prescribed that anyone "who knowingly violates any of the provisions" of the act shall be guilty. In addressing the validity of the indictment on its failure to aver that the appellant did the act charged "knowingly," the court stated the following:
 "We are of opinion . . . that the indictment is defective. . . . It fails to charge that the defendant 'knowingly' committed the act for which he is criminally indicted. The statute is highly penal in its character, and creates a new crime unknown to the common law. Section 5 makes knowledge of the facts essential to the crime, deeming him alone guilty 'who knowingly violates any of the provisions' of the act. The general rule of pleading is, that every indictment, information or other criminal proceeding, ought to contain all that is material to constitute the crime, or every necessary ingredient of the offense, stated with precision, or at least certainty and in the customary forms of law. — 3 Greenl.Ev. § 10; Beasley v. State, 18 Ala. 535. A crime is committed only by a combination of act and intent. 'No amount of intent alone is sufficient, neither is any amount of act alone; the two must combine.' — 1 Bish.Cr.Law, § 430 (6th ed.). In the particular crime here charged, there are forcible reasons for the application of this rule requiring the indictment to state the guilty scienter. The transportation of the prohibited commodity may have been done ignorantly. The defendant may honestly have believed that he was without the prohibited jurisdiction."
Id. at 65. See also Barbee v. State (cited with approval inCity of Dothan v. Holloway, 501 So.2d 1136, 1165, n. 6 (Ala. 1986) (opinion of Beatty, J., dissenting in part and concurring in part, with which Justices Jones, Almon, and Adams joined);Johnson v. State, 555 So.2d 215 (Ala.Cr.App. 1988), aff'd in part, rev'd in part, on other ground, 555 So.2d 216 (Ala. 1989).
The state contends that the element of knowledge can be read into the indictment because the indictment cites the statute, alleging that appellant acted "in violation of the Alabama Uniform Controlled Substances Act, a violation of § 20-2-80 of the Code of Alabama, . . . ." In Barbee v. State, 417 So.2d at 613-14, this court rejected similar reasoning and reiterated the rule for construing an indictment, stating, as follows:
 "The fact that the indictment refers to its statutory source cannot save it from being fatally deficient. The rule is that 'the indictment must contain all the essentials to constitute the offense, explicitly charged, and that they must not be left to inference.' State v. Seay, 3 Stew. 123, 131 (1830). The indictment cannot be aided by intendment, Poore v. State, 17 Ala. App. 143, 82 So. 627 (1919), and 'nothing is to be left to implication or intendment, or to conclusion.' Mastoras v. State, 28 Ala. App. 123, 126, 180 So. 113, cert. denied, 235 Ala. 519, 180 So. 115
(1938). A court is 'without authority to add to, or take from, any of the material averments in the indictment, which speaks for itself and is conclusive.' Crump v. State, 30 Ala. App. 241, 242, 4 So.2d 188 (1941).
 "A reference to a statutory source in an indictment is a 'matter of convenience and not of substance.' Pate v. State, 45 Ala. App. 164, 166, 227 So.2d 583 (1969). 'The statement that the facts violate a certain section of the statute is nothing more than the pleader's conclusion, which may or may not be correct, and neither adds nor detracts from the allegation.' *Page 30 Harper v. United States, 27 F.2d 77, 79 (5th Cir. 1928); Allen v. State, 33 Ala. App. 70, 73, 30 So.2d 479 (1947). Reference to the statute is treated as surplusage. Fitzgerald v. State, 53 Ala. App. 663, 303 So.2d 162 (1974).
 "Upon these authorities we conclude that a reference in an indictment to the statute defining the offense cannot be considered for the purpose of supplying an allegation of criminal intent which is an essential element of the offense and has been omitted from the indictment."
The state argues that the rule stated in Barbee v. State has been rendered obsolete by the subsequent adoption of A.R.Cr.P. Temp. 15.5(c)(2) (which negates any effect a "defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits" might have upon proceedings). We do not agree. See City of Dothan v.Holloway, 501 So.2d at 1165, n. 6 (wherein the four Justices noted that the Barbee indictment is "[a]n example of a fatally defective indictment, which is rendered void . . ., is one which fails to charge an offense"); Johnson v. State.
The state also contends that this indictment is deemed sufficient by the court's holding in Morrison v. State,455 So.2d 240, 243 (Ala.Cr.App. 1984), to the effect that a trafficking indictment charging simply "unlawfully" is adequate. The Morrison court rationalized that "[w]hen the indictment charges 'unlawful' possession, then by inference it means 'knowing' possession." Id. The state argues that the instant indictment is sufficient because, when appellant was indicted for "violation of the Alabama Controlled Substances Act," he was put on notice that the charged conduct was allegedly unlawful and, according to Morrison, an allegation of "unlawful" suffices for an allegation of "knowing." We decline to adopt this convoluted rationale. To do so would be, in essence, to hold that no indictment for any crime need allege a culpable mental state, for the act of being indicted is equivalent to an allegation of a culpable mental state. It suffices to note that such a holding would be contrary to Davisv. State and Barbee v. State. Moreover, we have serious doubt about the finding in Morrison, especially when no case law was cited to which we can resort to better understand the rationale behind the holding. Compare, e.g., Chance v. State,563 S.W.2d 812 (Tex.Cr.App. 1978) (wherein the court, after an excellent discussion, held that an indictment that alleged "unlawfully" was void for failing to allege the statutory element of "knowingly"). We cannot say that "unlawfully" conveys the statutory definition of "knowingly," found in §13A-2-2(2) (which states that "[a] person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of that nature or that the circumstance exists"). In conclusion, we find that the indictment contains no words that are the equivalent of "knowingly." We are not swayed by the state's reliance on Jackson v. State, 484 So.2d 1174 (Ala.Cr.App. 1985), and Campbell v. State, 479 So.2d 1294 (Ala.Cr.App.), aff'd, 479 So.2d 1299 (Ala.), cert. denied, 474 U.S. 1021,106 S.Ct. 573, 88 L.Ed.2d 557 (1985). In these cases, the court, in its opinions, sets out the indictments for trafficking. They have no allegation of "knowingly." This deficiency was not raised in either case and was not reached by the reviewing court; thus, we find these cases to be of no authority here.
Appellant has raised five other issues, which we do not address at this time because they either lack merit or will be unlikely to arise in their present form in future proceedings.
Having found the indictment to be fatally defective and void, the judgment is due to be, and it is hereby, reversed, and the case is remanded to the circuit court for further proceedings.
REVERSED AND REMANDED.
All Judges concur.
[1] Section 20-2-80(2) was transferred to § 13A-12-231(2) by Acts 1988, 1st Sp.Sess., No. 88-918 § 2(4) September 30, 1988. *Page 31