COBB, Judge.
Ezell Crenshaw appeals the trial court’s summary dismissal of his Rule 32, Ala. R.Crim.P., petition challenging his March 23, 1992, conviction for theft of property in the first degree. Crenshaw pleaded guilty to the charge. No direct appeal was taken. This petition was filed on August 7,1996.
In his Rule 32 petition, Crenshaw challenges the validity of the indictment, claiming that it was void for various reasons. In support of his claim he recites the contents of the indictment. This indictment, as presented by Crenshaw, alleges that he committed theft of property in the first degree because he “did knowingly obtain, by deception, control over ... $987.91, the property of Wal-mart stores, Inc. d/b/a Sam’s Club, a corporation, with the intent to deprive the owner of said property.”[1]
Theft of property valued at $987.91 will not support a conviction for theft of property in the first degree. Section 13A-8-2, Ala.Code 1975, defines theft of property as knowingly obtaining or exerting “unauthorized control over the property of another, with intent to deprive the owner of his property.” Section 13A-8-3(a), Ala.Code 1975, defines theft of property in the first degree as “theft of property which exceeds $ 1000.00 in value.”
Crenshaw’s allegation that the indictment charged him with theft of $987.91 is uncontested. ‘“When the State does not respond to a petitioner’s allegations, the un-refuted statement of facts must be taken as true.’ ” Bates v. State, 620 So.2d 745, 746 (Ala.Cr.App.1992) (quoting Smith v. State, 581 So.2d 1283, 1284 (Ala.Cr.App.1991)). This is true even though the trial court summarily denied petition before the State had an opportunity to respond.
We must remand this case to the trial court because the trial court may not have had jurisdiction to, accept the appellant’s plea of guilty to theft of property in the first degree. “This Court is bound to take notice of defects in an indictment which render it void, even in the absence of an objection.” Stewart v. State, 580 So.2d 27, 28 (Ala.Cr.App.1990) (noting that this principal is an exception to the rule that, “An appellant usually waives irregularities in an indictment by appearing and pleading in the trial court, because his plea to the merits is held an admission that the indictment is valid.”). “Although the issue was not raised below or on appeal, we must note that the trial court did not have jurisdiction to accept the appellant’s guilty plea to the offense of robbery in the [first] degree.” Howard v. State, 710 So.2d 456 (Ala.Cr.App.1996). In Howard, “[t]he appellant was indicted for robbery in *1109 the first degree, and, pursuant to a plea agreement, he entered a guilty plea to robbery in the second degree”; under the facts presented in that case, robbery in the second degree was not a lesser included offense of robbery in the first degree. This Court set aside the convictions, stating:
“A trial court lacks jurisdiction to accept a plea of guilty to an offense not encompassed by the charge in the indictment. ... When the trial court accepts a guilty plea under such circumstances, the court’s judgment is void, because the defendant is convicted of an offense for which the defendant has not been indicted and an essential requisite of jurisdiction is therefore missing.”
Howard v. State, 710 So.2d 456 (Ala.Cr.App.1996); Edwards v. State, 671 So.2d 129 (Ala.Cr.App.1995) (citations omitted); Johnson v. State, 675 So.2d 85 (Ala.Cr.App.199o). If the appellant has correctly quoted the indictment, the trial court did not have jurisdiction to accept his plea of guilty to theft of property in the first degree.
Therefore, before addressing the issues raised on appeal by the appellant, we remand this case for the trial court to determine whether the indictment properly charged the appellant with theft of property in the first degree. If the trial court finds that the indictment is void then we authorize the trial court to set aside the appellant’s conviction for first degree theft. If that is the ease, the State is not precluded from reindicting the appellant on the appropriate charge. In any event, due return of the trial court’s findings shall be made to this court within 49 days of the date of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.

. The indictment, according to Crenshaw states:
"The grand jury of said County charges that, before the finding of this indictment, Ezell Crenshaw, whose name is to the grand jury otherwise unknown, did knowingly obtain, by deception, control over
[The alleged stolen merchandise and its value is listed by the appellant in the petition.]
"$987.91 the property of Wal-mart stores, Inc. d/b/a Sam’s Club, a corporation, with the intent to deprive the owner of said property, in violation of section 13A-8-3 of the Alabama Criminal Code, against the peace and dignity of the State of Alabama.”
C.R. 24.

 Notó from the reporter of decisions: On August 22, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On December 3, 1997, the Court of Criminal Appeals made the following entry on its docket sheet:
"CAS [case action summary] indicating circuit court's order dated 10/9/97 set aside and held for naught as circuit court had no authority to issue said order based on this Court's decision of 8/22/97.”