The appellant, David Eskridge, was convicted in 1996 of the felony offense of driving while under the influence of alcohol (D.U.I.), a violation of §§ 32-5A-191(a) and 32-5A-191(f),[1] Codeof Alabama 1975, and driving while his license was revoked, a violation of § 32-6-19, Code of Alabama 1975. He was sentenced to 3 years' imprisonment and was fined $5,000 for the D.U.I. conviction; he was sentenced to 60 days' imprisonment in the county jail and was fined $300 for the conviction of driving while his license was revoked. At the time this case was tried, this Court had not yet decided State v. Parker, [Ms. CR-95-1435, September 27, 1996] ___ So.2d ___ (Ala.Cr.App. 1996), opinion on rehearing [Ms. CR-95-1435, September 26, 1997] (Ala.Cr.App. 1997)
The appellant contends that the trial court lacked jurisdiction to try his case because, he says, the indictment charged him only with committing two misdemeanor traffic offenses — driving while under the influence of alcohol and driving while his license was revoked. It did not, he argues, charge him with committing the Class C felony found in §32-5A-191(f).
The indictment returned against the appellant states, in pertinent part, as follows:
 "COUNT I: The Grand Jury of said County charge that before the finding of this Indictment, DAVID ESKRIDGE, on or about July 3, 1995, did drive or was in actual physical control of a motor vehicle while he was under the influence of alcohol, in violation of § 32-5A-191(f) of the Code of Alabama,
 "COUNT II: The Grand Jury of said County further charge that before the finding of this Indictment DAVID ESKRIDGE did unlawfully drive a motor vehicle upon a highway of this County and State after his driver's license had been lawfully cancelled, suspended or revoked *Page 1350 
by the Director of Public Safety of the State of Alabama, in violation of § 32-6-19, of the Code of Alabama."
(C.R.8.)
Our examination of the record reveals that during a pretrial hearing the court heard argument on the appellant's motion to quash the indictment. The appellant argued that although the indictment charged him with driving while under the influence of alcohol, and stated that the offense was a violation of § 32-5A-191(f), it should be quashed because, he claimed, it failed to charge a felony offense. The appellant claimed that the indictment merely charged two misdemeanor traffic infractions. The appellant maintained that to properly charge him with felony D.U.I., the indictment must have specifically charged that he had had three prior D.U.I. convictions within the past five years. The appellant contended that because the indictment failed to charge that he had had three prior D.U.I. convictions within the past five years, the indictment charged only a misdemeanor offense; therefore, he argued, the circuit court did not have original trial jurisdiction over his case. He argued that the district court was the court with proper jurisdiction.
In Hunt v. State, 642 So.2d 999 (Ala.Cr.App. 1993), aff'd,642 So.2d 1060 (Ala. 1994), this Court set out the standard of review with regard to the sufficiency of indictments:
 "Appellate courts review the legal sufficiency of indictments de novo. United States v. Schmidt, 947 F.2d 362, 369 (9th Cir. 1991).
 " 'The Federal Rules of Criminal Procedure
require that an indictment be a "plain concise, and definite written statement of the essential facts constituting the offense charged." An indictment need only contain those facts and elements of the alleged offense necessary to inform the accused of the charge so that she may prepare a defense and invoke the Double Jeopardy Clause when appropriate. Courts will normally find an indictment insufficient only if it fails to state a material element of the offense.'
" '. . . .
 "Daniel F. McInnis et al., Project, Twenty-Second Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1991-1992, 81 Geo.L.J. 853, 1076-1081 (1993) (footnotes omitted)."
642 So.2d at 1022.
The Alabama Supreme Court, in Ex parte Harper, 594 So.2d 1181
(Ala. 1991), cert. denied, 506 U.S. 918, 113 S.Ct. 330,121 L.Ed.2d 248 (1992), addressed the sufficiency of indictments:
 "The general rule in Alabama, even before the adoption of Temporary Rule 15 (now Rule 13) [Ala.R.Crim.P.], was that it was sufficient to charge the elements of the statutory offense in the words of the statute, provided the statute prescribed with definiteness the constituent elements of the offense. . . . The crucial question, of course, is whether the indictment sufficiently apprises the accused with reasonable certainty of the nature of the accusation made against him so that he may prepare his defense, that he may be protected against a subsequent prosecution for the same offense."
594 So.2d at 1183. (Citations omitted.) In Harper, the Court determined that an indictment charging distribution of cocaine was not void because it failed to specifically allege the element "knowingly"; the statute did not require that the offense be "knowingly" committed. The Court based its decision on Rule 13.2(a), Ala.R.Crim.P., which states that an indictment "shall be a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment."
This Court followed the same rationale in Stewart v. State,580 So.2d 27, 29 (Ala.Cr.App. 1990), overruled on othergrounds, Ex parte Harper, 594 So.2d 1181 (Ala. 1991).[2] In *Page 1351 Stewart, this Court held that a valid indictment must contain the essential elements of an offense. The defendant in Stewart
was charged with trafficking in cocaine. On appeal, he argued that the indictment's failure to adequately allege the "knowledge element" of trafficking in cocaine rendered the indictment void, despite the indictment's reference to the Code section defining the offense. This Court agreed, holding that reference to the statutory source of the offense could not save the indictment. 580 So.2d at 29. In reaching this decision, this Court quoted with approval the following language fromBarbee v. State, 417 So.2d 611 (Ala.Cr.App. 1982):
 "The fact that the indictment refers to its statutory source cannot save it from being fatally deficient. The rule is that 'the indictment must contain all the essentials to constitute the offense, explicitly charged, and that they must not be left to inference.' State v. Seay, 3 Stew. 123, 131 (1830). The indictment cannot be aided by intendment, Poore v. State, 17 Ala. App. 143, 82 So. 627 (1919), and 'nothing is to be left to implication or intendment, or to conclusion.' Mastoras v. State, 28 Ala. App. 123, 126, 180 So. 113, cert. denied, 235 Ala. 519, 180 So. 115
(1938). A court is 'without authority to add to, or take from, any of the material averments in the indictment, which speaks for itself and is conclusive.' Crump v. State, 30 Ala. App. 241, 242, 4 So.2d 188 (1941).
 "A reference to a statutory source in an indictment is a 'matter of convenience and not of substance.' Pate v. State, 45 Ala. App. 164, 166, 227 So.2d 583 (1969). 'The statement that the facts violate a certain section of the statute is nothing more than the pleader's conclusion, which may or may not be correct, and neither adds nor detracts from the allegation.' Harper v. United States, 27 F.2d 77, 79 (8th Cir. 1928); Allen v. State, 33 Ala. App. 70, 73, 30 So.2d 479 (1947). Reference to the statute is treated as surplusage. Fitzgerald v. State, 53 Ala. App. 663, 303 So.2d 162 (1974).
 "Upon these authorities we conclude that a reference in an indictment to the statute defining the offense cannot be considered for the purpose of supplying an allegation of criminal intent which is an essential element of the offense and has been omitted from the indictment."
417 So.2d at 613-14. See also Project: Twenty-Sixth AnnualReview of Criminal Procedure, 85 Geo.L.J. 775, 1036-40 (1997).
In our opinion on application for rehearing in State v.Parker, this Court held that proof of three prior D.U.I. convictions was a material element of the felony offense of driving while under the influence of alcohol as defined at §32-5A-191(f), now subsection (h), and must be charged in the indictment: "This Court reaffirms its holding that §32-5A-191(f), now subsection (h), Code of Alabama 1975, created a substantive felony offense and that the prior convictions for driving under the influence constituted elements thereof, andmust be charged in the indictment." ___ So.2d at ___. (Emphasis supplied.)
Because the prior convictions are a material element of "felony D.U.I." under what is now § 32-5A-191(h), they must be set out in the charging instrument, and proven to the jury at trial. Accordingly, failure of the indictment to include this element rendered the indictment void, to the extent that it attempted to charge the appellant with "felony D.U.I." Instead, the language in the indictment charged the appellant with nothing more than the misdemeanor offense of driving while under the influence of alcohol. Moreover, because the indictment returned against the appellant charged him only with misdemeanor D.U.I. and with driving while his license was revoked — also a misdemeanor — the circuit court lacked jurisdiction to convict the appellant for D.U.I. and driving while his license was revoked. "The district court has exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions even where an indictment has been returned (except ordinance infractions *Page 1352 
prosecuted in municipal courts)." Wright v. State,494 So.2d 177, 179 (Ala.Cr.App. 1986).
Here, just as in Wright, the appellant's convictions for D.U.I. and driving while his license was revoked must be reversed because the circuit court never had jurisdiction and a proper objection to this lack of jurisdiction was timely made.
The judgment of the circuit court is reversed and this cause is remanded to the circuit court with directions that the circuit court remand this cause to the district court for further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.
[1] As the result of amendments to this Code section, the provisions previously found at § 32-5A-191 (f) are now found at § 32-5A-191 (h), Code of Alabama 1975.
[2] In Harper, Justice Maddox, who authored the main opinion, noted that "Stewart should no longer be followed for the proposition that the failure of an indictment to allege that the offense was 'knowingly' committed can be raised for the first time after trial." 594 So.2d at 1191. (Emphasis original.) We note that in the present case, the appellant's challenge to the sufficiency of his indictment was timely made before trial.