The appellant, Michael Blevins, was convicted of the felony offense of driving while under the influence of alcohol (D.U.I.), a violation of § 32-5A-191 (f), Ala. Code 1975,[1]
and driving while his license was revoked, a violation of §32-6-19, Ala. Code 1975. He was sentenced to 8 years' imprisonment and was fined $4,000 for the D.U.I. conviction; he was sentenced to 100 days' imprisonment in the county jail and was fined $25 for the conviction of driving while his license was revoked.
Although the issue of the trial court's jurisdiction was not raised below or on appeal, we must take notice that the trial court lacked jurisdiction to try Blevins's case. See Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987) ("[J]urisdictional matters are of such magnitude that [appellate courts] take notice of them at any time and do so even ex mero motu.").
The indictment returned against Blevins stated, in pertinent part, as follows:
 "COUNT I: The Grand Jury of said County charge that before the finding of this Indictment, MICHAEL BLEVINS, on or about January 31, 1995, did drive or was in actual physical control of a motor vehicle while he was under the influence of alcohol, in violation of § 32-5A-191
(f) of the Code of Alabama,
 "COUNT II: The Grand Jury of said County further charge that before the finding of this Indictment MICHAEL BLEVINS did unlawfully drive a motor vehicle upon a highway of this County and State after his driver's license had been lawfully cancelled, suspended or revoked by the Director of Public Safety of the State of Alabama, in violation of § 32-6-19, of the Code of Alabama."
(C. 5.)
In Eskridge v. State, 709 So.2d 1348 (Ala.Cr.App. 1997), this court held that an indictment identical in all material respects to the one returned against Blevins failed to confer jurisdiction on the circuit court to try the defendant's case, because Count I of the indictment, which charged the defendant with "felony D.U.I.," failed to specifically charge that the defendant had had three prior D.U.I. convictions within the past five years. We stated:
 "In our [September 26, 1997,] opinion on application for rehearing in State v. Parker, 740 So.2d 421 (Ala.Cr.App. 1996), this Court held that proof of three prior D.U.I. convictions was a material element of the felony offense of driving while under the influence of alcohol as defined at § 32-5A-191 (f), now subsection (h), and must be charged in the indictment: `This Court reaffirms its holding that § 32-5A-191 (f), now subsection (h), Code of Alabama 1975, created a substantive felony offense and that the prior convictions for driving under the influence constituted elements thereof, and must be charged in the indictment.' 740 So.2d at 424. *Page 916 
 "Because the prior convictions are a material element of `felony D.U.I.' under what is now § 32-5A-191 (h), they must be set out in the charging instrument, and proven to the jury at trial. Accordingly, failure of the indictment to include this element rendered the indictment void, to the extent that it attempted to charge the appellant with `felony D.U.I.' Instead, the language in the indictment charged the appellant with nothing more than the misdemeanor offense of driving while under the influence of alcohol. Moreover, because the indictment returned against the appellant charged him only with misdemeanor D.U.I. and with driving while his license was revoked — also a misdemeanor — the circuit court lacked jurisdiction to convict the appellant for D.U.I. and driving while his license was revoked. `The district court has exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions even where an indictment has been returned (except ordinance infractions prosecuted in municipal courts).' Wright v. State, 494 So.2d 177, 179 (Ala.Cr.App. 1986)."
Eskridge, 709 So.2d at 1351-52.
This court noted in Eskridge that the fact that the indictment referred to the statute defining the offense of "felony D.U.I." (i.e., § 32-5A-191 (f), now subsection (h)) could not save the indictment from being fatally deficient in charging a felony offense over which the circuit court would have had exclusive original jurisdiction.
 "`A reference to a statutory source in an indictment is a "matter of convenience and not of substance." Pate v. State, 45 Ala. App. 164, 166, 227 So.2d 583 (1969). "The statement that the facts violate a certain section of the statute is nothing more than the pleader's conclusion, which may or may not be correct, and neither adds nor detracts from the allegation." Harper v. United States, 27 F.2d 77, 79 (8th Cir. 1928); Allen v. State, 33 Ala. App. 70, 73, 30 So.2d 479 (1947). Reference to the statute is treated as surplusage. Fitzgerald v. State, 53 Ala. App. 663, 303 So.2d 162 (1974).'"
Eskridge, 709 So.2d at 1351, quoting Barbee v. State,417 So.2d 611, 613-14 (Ala.Cr.App. 1982).
The circuit court lacked jurisdiction to try Blevins's case because the indictment charged him only with committing two misdemeanor traffic offenses — driving while under the influence of alcohol and driving while his license was revoked; It did not charge him with committing the Class C felony now set out in § 32-5A-191
(h). On the authority of Eskridge v. State, Blevins's convictions for D.U.I. and driving while his license was revoked must be reversed because the circuit court never had jurisdiction.
The judgment of the circuit court is reversed and this cause is remanded to the circuit court with directions that the circuit court remand this cause to the district court for further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.
[1] As the result of amendments to this Code § 32-5A-191 (f) are now found at § 32-5A-section, the provisions previously found at 191 (h), Ala. Code 1975.